# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:20-cv-00277 |
| | § | |
| vs. | § | |
| | § | |
| NINE ENERGY SERVICE, INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NCS Multistage Inc. ("NCS" or "Plaintiff"), by and through the undersigned counsel, hereby brings its Complaint for Patent Infringement against Defendant Nine Energy Service, Inc. ("Nine" or "Defendant").

## NATURE OF THE ACTION

1. This is an action for patent infringement. NCS alleges that Nine infringes the following NCS Patent, which is attached hereto as **Exhibit A**:

- U.S. Patent No. 10,465,445 ("the '445 Patent")

2. NCS alleges that Nine infringes the '445 Patent by making, using, offering for sale, and/or selling its BreakThru™ Casing Flotation Device, a system used in downhole well completion. NCS seeks damages, injunctive, and other relief for Nine's infringement of the '445 Patent.

## THE PARTIES

3. Plaintiff NCS is a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1, and with worldwide headquarters at 19350 State Highway 249, Suite 600, Houston, TX 77070.

4. Upon information and belief, Defendant Nine is a Delaware corporation with a principal place of business at 2001 Kirby Drive, Suite 200, Houston, TX 77019.

## JURISDICTION AND VENUE

5. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.* This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Nine. Nine is a Texas resident, with a principal place of business in Houston, TX and offices and operations in at least 11 cities throughout Texas, including offices in Midland, TX, Monahans, TX, and Pleasanton, TX, which are under the jurisdiction of the Western District of Texas.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because Nine has regular and established places of business in Midland, TX, Monahans, TX, and Pleasanton, TX, which are within the jurisdiction of the Western District of Texas and, upon information and belief, Nine has committed acts of patent infringement in this district.

## BACKGROUND

*A. NCS*

8. NCS is a leading technology and service company that specializes in multistage well completions. NCS initially formed in Canada in 2006 as NCS Oilfield Services and began developing downhole completion tools for conventional and unconventional completions. In

2008, NCS incorporated in the United States and established its world headquarters in Houston, TX.  Today, NCS has 20 offices in the U.S. and Canada, and operates in Argentina, China, Russia, the Middle East and the North Sea, with a record of over 10,000 field successes.

9. NCS is an expert in developing downhole tools like its AirLock® buoyancy system, a "casing float tool" covered by the '445 Patent.  As a casing string is run into the horizontal portion of a wellbore the casing string can drag on the bottom of the wellbore due to its weight and gravity.  This makes it challenging to run the casing to the target zone.  The AirLock® system is designed to create buoyancy in the casing string, so that the string is lighter and it is easier to run the casing into the wellbore.  This is called "floating the casing" into the wellbore.  Below is a picture of the patented Airlock® system.



10. The AirLock® system (above in green) is a tubular body attached to the casing string (above in grey).  Within the tubular is a rupture disc (above in white).  The portion of the casing string above the rupture disc is filled with fluid.  The portion of the casing string below

the rupture disc is filled with air, which creates buoyancy in the lower portion of the string.  This enhanced buoyancy reduces sliding friction up to 50% while the enhanced weight of the vertical section provides the force needed to push the string all the way to the toe of the well.  After the casing string is run to the target zone, hydraulic pressure is applied from the surface, which causes the rupture disc to disengage from the tubular walls and shatter.  This process restores the internal diameter of the casing string so that fluid can freely flow through the casing string.  More than 9,000 AirLock systems have been installed, and casing has landed on more than 99.9% of first attempts.

11. NCS invests substantial resources in innovation and the protection of its valuable intellectual property.  To date, NCS has worldwide approximately 51 issued patents, including the '445 Patent that covers its AirLock® System, and 98 pending patent applications.

### B. Nine

12. Upon information and belief, Nine is a Houston-based well completions company. Nine markets and sells the infringing BreakThru™ Casing Flotation Device (*See* https://nineenergyservice.com/cementing-drilling-solutions/breakthru-casing-flotation-device). An image of the BreakThru™ device from Nine's marketing materials is depicted below.



13. According to Nine's marketing materials, the BreakThru™ device is a casing floatation device, creating buoyancy in the casing string that makes it easier to run casing through the horizontal portion of a wellbore. The BreakThru™ device is a tubular body that has a glass barrier disc. After the casing is landed in the target zone, the glass barrier is ruptured by applying hydraulic pressure from the surface, which restores the internal diameter of the casing string.

C. *NCS Notifies Nine of Infringement Concerns in November 2019*

14. On November 1, 2019, NCS' Chief Executive Officer, Robert Nipper, contacted Ann Fox, President and Chief Executive Officer for Nine, to notify Nine of the '445 Patent and NCS' concern that Nine's BreakThru™ Casing Flotation Device infringed the '445 Patent. On December 16, 2019, counsel for NCS sent Ms. Fox a letter inviting Nine to license the '445 Patent, and included a claim chart demonstrating how Nine's BreakThru™ Casing Flotation Device met the claims of the '445 Patent.

## COUNT 1: INFRINGEMENT OF THE '445 PATENT

15.     The allegations of paragraphs 1-14 of this Complaint are incorporated by reference as though fully set forth herein.

16.     NCS owns by assignment the entire right, title, and interest in the '445 Patent.

17.     The '445 Patent was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019 and is entitled "Casing Float Tool."  A true and correct copy of the '445 Patent is attached hereto as **Exhibit A**.

18.     The '445 Patent is valid and enforceable under the laws of the United States.

19.     Nine has directly infringed and is directly infringing at least claims 14-15, 22-25, 27, 28-31, 36, 37-43, 46, 50-53, and 55-57 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, and selling in the United States without authority the accused BreakThru™ Casing Flotation Device.  For example, as shown in the claim chart attached hereto as **Exhibit B**, the BreakThru™ Casing Flotation Device meets every element of claim 28 either literally or under the doctrine of equivalents.

20.     Nine has indirectly infringed and is indirectly infringing at least claims 22-25, 27, 50-53, and 55-57 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.* With knowledge of the '445 Patent, Nine has induced and is inducing its customers to directly infringe the '445 Patent by directing, causing, instructing and/or encouraging Nine's customers to use the BreakThru™ Casing Flotation Device to perform the method of claims 22-25, 27, 50-53, and 55-57 of the '445 Patent.  For example, upon information and belief, Nine sells the infringing BreakThru™ Casing Flotation Device to its customers.  Nine advertises to its customers that the device can be installed on casing and run into a well with the casing.  A rupture disc in the device creates buoyancy so that the casing can be "floated" to the target zone.  Nine advertises that once its

customers run the casing to the target zone, they can apply pressure to rupture the rupture disc in the BreakThru™ Casing Flotation Device, which restores the casing diameter.

21. Nine's infringement of the '445 Patent has been and continues to be willful and deliberate. Upon information and belief, Nine has been on notice of its infringement of the '445 Patent since at least November 1, 2019, when Mr. Nipper notified Ms. Fox of the '445 Patent and NCS' concerns about the infringing BreakThru™ Casing Flotation Device. However, upon information and belief, Nine continued to use, sell, and offer to sell the accused BreakThru™ Casing Flotation Device, despite an objectively high likelihood that its actions constituted infringement of the '445 Patent.

22. As a result of Nine's acts of infringement, NCS has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, NCS prays for the following relief:

A. A judgment that Nine has infringed the '445 Patent;

B. An order enjoining Nine, its officers, agents, employees, and those persons in active concert or participation with any of them, and Nine's successors and assigns, from continuing to infringe the '445 Patent;

C. An order awarding NCS its damages pursuant to 35 U.S.C. § 284;

D. An order finding that Nine's infringement has been willful and increasing the damages awarded to NCS to three times the amount assessed pursuant to 35 U.S.C. § 284;

E. An order finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and awarding NCS its attorneys' fees;

    F.    An order awarding NCS prejudgment and post-judgment interest on its damages;

    G.    An order awarding NCS its costs;

    H.    An order awarding NCS any other and further relief as the Court deems proper.

Dated:  April 8, 2020

Respectfully submitted,

*/s/ Domingo M. LLagostera*
BLANK ROME LLP
**Domingo M. Llagostera** (*Attorney-in-charge*)
State Bar No. 24070157
Tel.: (713) 632-8682
DLLagostera@BlankRome.com
717 Texas Avenue, Suite 1400
Houston, TX 77002

**Attorneys for Plaintiff NCS Multistage Inc.**