IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:20-cv-000277 |
| | § | |
| | § | JURY TRIAL DEMANDED |
| vs. | § | |
| | § | |
| | § | |
| NINE ENERGY SERVICE, INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT NINE'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Nine Energy Service, Inc. ("Nine"), for its answer ("Answer") to the Original Complaint for Patent Infringement ("Complaint") filed by Plaintiff NCS Multistage Inc. ("NCS") in this action, avers as follows:

**NATURE OF THE ACTION**

1. Nine admits that the Complaint purports to be an action for patent infringement. Nine denies that it has infringed U.S. Patent No. 10,465,445 (the "'445 Patent").

2. Paragraph 2 of the Complaint is purely a legal conclusion, and therefore no response is necessary. To the extent a response is required, Nine denies any factual matter in this paragraph, except to the extent that Nine admits it makes, sells, and offers for sale its BreakThru™ product.

**THE PARTIES**

3. Nine lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies them.

4. Nine admits that it is a corporation organized under the laws of Delaware and has a principal place of business at 2001 Kirby Drive, Suite 200, Houston, Texas 77019.

## JURISDICTION AND VENUE

5. Nine admits that the Complaint purports to assert a claim for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*. Nine admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) provided that the requirements of standing are satisfied.

6. Nine admits that it has a principal place of business in Houston, Texas, and has offices in Midland, Texas, Monahans, Texas, and Pleasanton, Texas, which are located within the Western District of Texas. To the extent any further response is required, Nine denies any remaining factual matter in paragraph 6 of the Complaint.

7. This paragraph is purely a legal conclusion, and therefore no response is necessary. To the extent a response is required, Nine denies any factual matter in paragraph 7 of the Complaint. Nine denies that this district is a convenient forum for this case and instead maintains that the federal courts situated in Houston, Texas, are the more convenient forum.

## BACKGROUND

8. Nine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 8 of the Complaint, and on that basis denies them.

9. Nine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 9 of the Complaint, and on that basis denies them.

10. Nine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 10 of the Complaint, and on that basis denies them.

11. Nine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 11 of the Complaint, and on that basis denies them.

12. Nine admits that it markets and sells the BreakThru™ product, but denies that it infringes the '445 Patent. Nine admits that the image presented in paragraph 12 of the Complaint is an image from Nine's marketing materials. Nine denies the remaining allegations in paragraph 12 of the Complaint.

13. Nine admits that its BreakThru™ product can be used as a casing flotation tool, but otherwise denies the allegations in paragraph 13 of the Complaint.

14. Nine admits that NCS contacted Nine and sent Nine a letter inviting Nine to license the '445 Patent, and included a claim chart. Nine denies the remaining allegations in paragraph 14 of the Complaint.

## COUNT 1: INFRINGEMENT OF THE '445 PATENT

15. Nine restates and incorporates by reference its answers in paragraphs 1 through 14 of the Complaint.

16. Nine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies them.

17. Nine admits that the '445 Patent is entitled "Casing Float Tool" and was issued by the USPTO on November 5, 2019. Nine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, and therefore denies them.

18. This paragraph is purely a legal conclusion, and therefore no response is necessary. To the extent a response is required, Nine denies any factual matter in paragraph 18 of the Complaint.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## PRAYER FOR RELIEF

23. This paragraph sets forth the statement for relief requested by NCS to which no response is required. Nine denies that NCS is entitled to any of the requested relief and denies all allegations.

## FURTHER DENIAL

24. Nine denies any allegations in the Complaint not specifically admitted in Nine's responsive pleadings above.

25. Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that any of the following necessarily must be pled as an affirmative defense or that Nine necessarily bears the burden of proof or persuasion for any of the following, Nine asserts the following affirmative defenses to NCS's Complaint. In addition to the defenses described below, Nine specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST ADDITIONAL DEFENSE
### (Non-infringement)

26. Nine does not infringe and has not infringed any valid claim of the '445 Patent either literally or under the doctrine of equivalents, directly or indirectly.

## SECOND ADDITIONAL DEFENSE
### (Invalidity)

27. The claims of the '445 Patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112.

### THIRD ADDITIONAL DEFENSE
### (Prosecution History Estoppel)

28. By reason of prior art and/or statements and representations made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '445 Patent, no claim can be construed as covering the Nine BreakThru™ product.

### FOURTH ADDITIONAL DEFENSE
### (No Injunctive Relief)

29. NCS cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

### FIFTH ADDITIONAL DEFENSE
### (No Exceptional Case)

30. NCS cannot prove that this is an exceptional case justifying an award of attorney fees against Nine pursuant to 35 U.S.C. § 285. If anything, Nine intends to prove that this action is an exceptional case that allows Nine to recover its attorney's fees and costs of defense.

### COUNTERCLAIMS

Defendant and Counter-Plaintiff Nine Energy Services, Inc. ("Nine") asserts the following counterclaims against Plaintiff and Counter-Defendant NCS Multistage Inc. ("NCS").

### PARTIES

1. Counter-Plaintiff Nine is a corporation organized under the laws of Delaware and has a principal place of business at 2001 Kirby Drive, Suite 200, Houston, Texas 77019.

2. As indicated in paragraph 3 of the Complaint, Counter-Defendant NCS is believed to be a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1, and with worldwide headquarters at 19350 State Highway 249, Suite 600, Houston, TX 77070.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. NCS has submitted itself to the jurisdiction of this Court.

5. Based on Nine's allegations in paragraph 7 of the Complaint, venue is believed to be proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). Nine further believes that venue is more convenient in Houston, Texas.

## FACTUAL BACKGROUND

6. In its Complaint, NCS purports to be the assignee and owner of U.S. Patent No. 10,465,445 (the "'445 Patent"). In its Complaint, NCS asserts that Nine has infringed the '445 Patent. The claims of the '445 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112. Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '445 Patent.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '445 PATENT

7. Nine alleges and incorporates by reference the allegations of paragraphs 1-6 of its Counterclaims.

8. NCS claims in its Complaint that "NCS owns by assignment the entire right, title, and interest in the '445 Patent."

9. NCS claims in its Complaint that Nine "has directly infringed and is directly infringing at least claims 14-15, 22-25, 27, 28-31, 36, 37-43, 46, 50-53, and 55-57 of the '445 Patent" and "has indirectly infringed and is indirectly infringing at least claims 22-25, 27, 50-53,

and 55-57 of the '445 Patent." Thus, an actual, substantial controversy exists between Nine and NCS concerning Nine's non-infringement of the '445 Patent.

10. Nine does not infringe, and has not infringed, any valid and enforceable claim of the '445 Patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

11. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Nine is entitled to a declaration that the claims of the '445 Patent are not, and have not been, infringed by Nine or any affiliate (or, with respect to any Nine products, customer) of Nine.

12. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by NCS in its Complaint.

13. This is an exceptional case under 35 U.S.C. § 285 including without limitation because NCS filed its Complaint with knowledge of the facts stated in this Counterclaim.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '445 PATENT**

14. Nine alleges and incorporates by reference the allegations of paragraphs 1-13 of its Counterclaims.

15. The '445 Patent is invalid and unenforceable for failure to comply with one or more of the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

16. Nine is entitled to a declaration that the '445 Patent is invalid, to ascertain its rights and duties with respect to the accusations in NCS's Complaint.

17. This is an exceptional case under 35 U.S.C. § 285 including without limitation because NCS filed its Complaint with knowledge of the facts stated in this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Nine requests the Court grant the following relief:

A. Judgment dismissing all NCS claims asserted against Nine with prejudice;

B. A judgment in favor of Nine on all of Nine's Counterclaims;

C. For any claims decided on the merits, judgment in favor of Nine and against NCS, and that NCS take nothing on its claims;

D. Declaratory judgment that Nine's BreakThru™ does not infringe the '445 Patent;

E. Declaratory judgment that the '445 Patent is invalid;

F. A declaration that this case is exceptional and an award to Nine of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

G. A judgment limiting or barring NCS's ability to enforce the '445 Patent in equity; and

H. Other relief that the Court may determine to be just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Nine respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 29, 2020

Respectfully submitted,

*/s/ Steven R. Borgman*
Steven R. Borgman
Texas State Bar No. 02670300
Email:  sborgman@velaw.com
Parker D. Hancock
Email:  phancock@velaw.com
Texas State Bar No. 24108256
Sean P. Belding
Texas State Bar No. 24109634
Email:  sbelding@velaw.com
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone:  713.758.2002
Facsimile:   713.615.5758

**ATTORNEYS FOR DEFENDANT
NINE ENERGY SERVICE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing on May 29, 2020, via the Court's CM/ECF system.

*/s/ Steven R. Borgman*
Steven R. Borgman

US 7060077