IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NCS MULTISTAGE INC., <br><br> Plaintiff, <br><br> v. <br><br> NINE ENERGY SERVICE, INC., <br><br> Defendant. | CIVIL ACTION NO. 6:20-CV-00277-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT NINE ENERGY SERVICE, INC.'S OPPOSED
MOTION TO TRANSFER VENUE**

*Defendant Nine Energy Service, Inc.'s Opposed Motion to Transfer Venue*

# Table of Contents

I.    Preliminary Statement..................................................................................................1

II.   Summary of Key Facts................................................................................................1

III.  Argument ....................................................................................................................3

     A.    NCS Could Have Brought This Action In SDTX....................................................5

     B.    The Vast Majority of Evidence is Available in Houston, Weighing In Favor of Transfer. ...................................................................................................................5

     C.    Non-Party Witnesses Are Within the Absolute Subpoena Power of the Houston Division of SDTX, Weighing In Favor of Transfer..................................................6

     D.    The Convenience of the Witnesses Strongly Weighs in Favor of Transfer.............7

     E.    The Jurors in Houston Have A Substantial Local Interest In This Case, Weighing In Favor of Transfer. .................................................................................................8

     F.    The Remaining Factors Are Neutral. .......................................................................9

IV.  Conclusion ................................................................................................................10

# Table of Authorities

## Cases

*Action Indus., Inc. v. U.S. Fid & Guar. Co.*,
   358 F.3d 337 (5th Cir. 2004) ................................................................................................. 3

*Adaptix, Inc. v. HTC Corp.*,
   937 F. Supp. 2d 867 (E.D. Tex. 2013) .................................................................................. 6

*ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*,
   No. A-09-CA-773-LY, 2010 WL 1170976 (W.D. Tex. Mar. 23, 2010) ........................... 7

*DataScape, Ltd. v. Dell Techs., Inc.*,
   No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ...................... 4, 8

*DynaEnergetics Europe GMBH v. Hunting Titan, Inc.*,
   6:20-CV-00069-ADA, 2020 WL 3259807 (W.D. Tex. June 16, 2020) ........................ 4, 7

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947) ................................................................................................................ 8

*In re Adobe, Inc.*,
   No. 2020-126 (Fed. Cir. Jul. 28, 2020) ............................................................................... 10

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ................................................................................... 5, 7, 10

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ........................................................................................... 10

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) .................................................................................................. 8

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ......................................................................................... passim

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
   No. 1:14-CV-464-LY, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) .......................... 8

*Moskowitz Family LLC v. Globus Medical, Inc.*,
   No. 6:19-cv-00672-ADA (W.D. Tex. Jul. 2, 2020) .................................................... 4, 5, 7

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ................................................................................................................ 3

*VLSI Tech. LLC v. Intel Corp.*,
   No. 6:19-CV-000254-ADA, 2019 WL 4254065 (W.D. Tex. Aug. 6, 2019) .................... 4

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................... 5

28 U.S.C. § 1404 ................................................................................................................... 7

28 U.S.C. § 1404(a) ...................................................................................................... 1, 3, 5

**Rules**

Fed. R. Civ. P. 45(c)(1)(A) ................................................................................................... 6

I. **PRELIMINARY STATEMENT.**

This dispute between Houstonians should be litigated in Houston. For the convenience of the parties and witnesses, Nine Energy Service, Inc. ("Nine") respectfully requests that the Court transfer this case to the Houston Division of the Southern District of Texas ("SDTX") pursuant to 28 U.S.C. § 1404(a). Both Plaintiff NCS Multistage, Inc. ("NCS") and Nine are headquartered a few miles from one another in Houston. All sales in Texas of the accused product are led by a sales manager based in Houston; a substantial portion of those devices are manufactured in Houston; and the vast majority of relevant information is available in Houston. Given the location of the parties' headquarters, Nine expects that nearly all party witnesses either live in Houston or regularly travel there. Accordingly, litigating this dispute in Houston would be significantly more convenient for the parties and witnesses than keeping the case in Waco.

In contrast, the only connection this case has to the Western District of Texas ("WDTX") is the location of field offices near Midland. But no substantial quantity of evidence is located there that is not equally available from the corporate offices in Houston. Further, even those field offices are not located within the Waco division, and thus provide no localized interest in favor of keeping the case in Waco. Plaintiff appears to have filed this case in WDTX given this division's experience and procedures for patent cases. However, in doing so, it has overlooked a far more convenient forum for *both parties*. For these reasons, Nine respectfully submits that Houston is a substantially more convenient form, and respectfully requests that the Court transfer this dispute between Houstonians to Houston.

II. **SUMMARY OF KEY FACTS**

This is a patent dispute between two Houston-based companies over Nine's BreakThru™ Casing Flotation Device (the "BreakThru™ Device"). Nine's worldwide headquarters is located in Houston. Ex. A, at ¶ 7. Relevant witnesses and evidence related to the BreakThru™ Device

are located in Houston, SDTX, or abroad. *Id.* at ¶¶ 10, 15-16, 20-21. Even Nine's employees outside of Houston regularly travel to the Nine offices in Houston. *Id.* at ¶¶ 21-22.

A substantial portion of the BreakThru™ Devices assembled for the Texas market are manufactured by non-party OFS International, LLC ("OFS"), whose facilities are also located in Houston. *Id.* at ¶ 18. The remaining devices for Texas distribution are assembled at Nine's facilities in Corpus Christi, which is also within SDTX. *Id.* BreakThru™ devices for other markets are assembled at Nine facilities in Marietta, Ohio and Red Deer, Alberta. *Id.* at ¶ 19. Nine's sales manager for the BreakThru™ Device in Texas is based in Houston. *Id.* at ¶ 16. The vast majority of non-cumulative and discoverable information is accessible from the corporate office in Houston. *Id.* at ¶ 10.

While Nine has three offices in WDTX, only the office in Midland provides any services related to the accused BreakThru™ Device. *Id.* at ¶ 11-13. However, only a few employees at the Midland facility work with the BreakThru™ Device, and none are senior employees with any specialized knowledge. *Id.* at ¶ 13. In fact, the majority of employees working at the Midland facilities are responsible for field operations related to Nine's wireline and cementing business units, which are not at issue here. *Id.* Moreover, there is no substantial evidence in Midland that is not equally available in Nine's Houston headquarters. *Id.* at ¶ 10-14. Indeed, nearly half of all Nine's customers that use the BreakThru™ Device are based in Houston. *Id.* at ¶ 20.

Plaintiff NCS is also headquartered in Houston, with a primary place of business less than 25 miles from the federal courthouse in Houston. Complaint, Dkt. 2; Ex. C; *See* Ex. B. Relevant non-party witnesses are also located in Houston, including employees of OFS International, LLC, as well as the sole inventor of U.S. Patent No. 10,465,445 (the "Asserted Patent") who resides in

the United States. *See* Ex. A at ¶ 18; Ex. D.[1] For the convenience of the Court, Nine has provided a map of relevant locations as Exhibit B. In compliance with Local Rule CV-7(i), counsel for Nine and NCS conferred on this motion on July 13, 2020, but could not agree to Nine's requested transfer.

### III. ARGUMENT

This dispute among Houstonians would be substantially more convenient to try in Houston. "[T]he convenience of parties and witnesses" and "the interest of justice" would be best served by litigating this dispute at the Bob Casey United States Courthouse in Houston. *See* 28 U.S.C. § 1404(a). Indeed, Section 1404(a) empowers courts to "prevent plaintiffs from abusing their privilege [under the relevant venue statute] by subjecting defendants to venues that are inconvenient . . . ." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) ("*Volkswagen II*"). The moving party carries the burden of showing transfer is appropriate. *Id. at* 314. Transfers for convenience are intended to prevent exactly the waste of time, energy, and money that would occur by trying a case in a forum distant from co-located litigants. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If this requirement is met, "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid & Guar.*

---

[1] NCS has also filed four other cases in this district asserting the same patent: *NCS v. TCO AS* (the "TCO Case"), No. 6:20-cv-00622-ADA; *NCS v. Allamon Tool Co. Inc.*, No. 6:20-cv-00699-ADA (the "Allamon Case"); *NCS v. Packers Plus Energy Services* (the "Packers Plus Case") No. 6:20-cv-00700-ADA, *NCS v. Permian Petrolink, LLC* (the "Petrolink Case"), No. 6:20-cv-00701-ADA (all W.D.Tex.) (collectively, the "NCS Cases"). No responsive filings have been made. All U.S. parties to the NCS Cases are headquartered within 40 miles of the Houston courthouse, except Permian Petrolink, LLC. *See* Ex. B.

*Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The eight factors in the Fifth Circuit (the *Volkswagen* factors) include four private factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The Fifth Circuit also looks to four public factors, which include (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

"A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue." *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, 2019 WL 4254065, at *12 (W.D. Tex. Aug. 6, 2019) (Albright, J.) (citing *Volkswagen II,* 545 F.3d at 314 n.10, 315). Ultimately, where an action could have been brought in the transferee venue and the transferee venue is "clearly more convenient," a motion to transfer should be granted. *DataScape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019) (Albright, J.). Where, as here, the litigants are located near each other, yet remote from the forum, this court has not hesitated to transfer the case to a more convenient, and logical, venue. *See Moskowitz Family LLC v. Globus Medical, Inc.*, No. 6:19-cv-00672-ADA, slip op. at 13 (W.D. Tex. Jul. 2, 2020) (Albright, J.); *DynaEnergetics Europe GMBH v. Hunting Titan, Inc.*, 6:20-CV-00069-ADA, 2020 WL 3259807, at *10 (W.D. Tex. June 16, 2020) (Albright, J.).

Here, *all* of the *Volkswagen* factors weigh in favor of transfer or are neutral. Not one weighs in favor of keeping this case in Waco. It is therefore clear that this case between Houstonians should be transferred to the Houston Division of SDTX.

### A. NCS Could Have Brought This Action In SDTX.

As a preliminary matter, this case could have been brought in the Houston Division of SDTX. *Volkswagen II*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)). Nine has a regular and established place of business (its corporate headquarters), and the acts that NCS has accused of infringement (making, using, and selling the BreakThru™ Device) have occurred at Nine's corporate headquarters in Houston. *See* Ex. A, at ¶¶ 7, 20. Accordingly, this action could have been brought in SDTX. *See* 28 U.S.C. § 1400(b).

### B. The Vast Majority of Evidence is Available in Houston, Weighing In Favor of Transfer.

Because nearly all evidence is accessible from Houston, factor 1 strongly weighs in favor of transfer. Under this factor, the court looks to where evidence and documents are stored. *Volkswagen II*, 545 F.3d at 316. Even in the digital age, the location of documentary evidence is relevant. *Moskowitz*, slip op. at 4 (citing *Volkswagen II*, 545 F.3d at 316). Given that the vast majority of relevant evidence is available in Houston, this factor heavily favors transfer.

Nine, as the accused infringer, likely possesses the bulk of relevant documents for this case. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Those documents reside or are accessible from Nine's headquarters in Houston, which lies less than five miles from the federal courthouse in Houston. Ex. A, at ¶ 10; Ex. B. In contrast, Nine's headquarters is more than 160 miles from Waco. Ex. B. To the extent that relevant documents also exist in NCS's control, Nine expects that those documents also reside in NCS's Houston headquarters, within 25 miles of the Houston courthouse, but more than 140 miles from Waco. *Id.*

Further, the mere presence of Nine's field offices in WDTX should not overcome the overwhelming convenience of transferring this case to the parties' home town. Indeed, the Nine facilities in Monahans and Pleasanton do not provide *any* services related to the BreakThru™ Device. Ex. A, at ¶ 12. Although the Midland office does facilitate sales and support of the BreakThru™ Device, Nine does not expect that any substantial amount of non-duplicative and non-cumulative discoverable information will be located there. Ex. A, at ¶ 14. Further, any evidence in Midland should not affect the convenience analysis, as the distance from the Midland office to the Waco courthouse is over 250 miles. *See* Ex. B.

### C.   Non-Party Witnesses Are Within the Absolute Subpoena Power of the Houston Division of SDTX, Weighing In Favor of Transfer.

Of the currently identified potential non-party witnesses, all are solely within the absolute subpoena power of the Houston Division of SDTX, and therefore factor 2 weighs in favor of transfer. "Transfer is favored when a transferee district has *absolute* subpoena power over a greater number of non-party witnesses." *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013) (emphasis added). The Fifth Circuit has held that a court does not enjoy absolute subpoena power unless it possesses subpoena power for *both* depositions *and* trial. *Volkswagen II*, 545 F.3d at 316. This power only exists over individuals who reside, are employed, or regularly transact business in person within 100 miles of the court. Fed. R. Civ. P. 45(c)(1)(A).

Here, there are two potential non-party witnesses. First, the sole inventor of the asserted patent residing in the United States is Travis Harris. *See* Ex. D. Mr. Harris resides in Houston, but is not an employee of NCS. *Id.* Given his residence, he is not subject to the absolute subpoena power of WDTX. *See* Ex. B. He is, however, subject to the absolute subpoena power of the Houston division of SDTX.

Second, to the extent NCS seeks information about the manufacture of the BreakThru™ Device, that information could be sought through non-party OFS International, LLC ("OFS"), whose primary facility is located northeast of Houston, about sixteen miles from the federal courthouse. *See* Ex. B. Employees of OFS are also subject to the absolute subpoena power of the Houston Division of SDTX, but not to WDTX. *See Id.*

### D. The Convenience of the Witnesses Strongly Weighs in Favor of Transfer.

The third and "single most important factor" is the convenience of witnesses. *DynaEnergetics*, 2020 WL 3259807, at *7 (citing *In re Genentech*, 566 F.3d at 1343). The Fifth Circuit has established a "100-mile" rule, asserting that "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404 is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* "The Court considers the cost of attendance for party and non-party witnesses but gives the cost of attendance of non-party witnesses considerably more weight." *Moskowitz*, slip. op. at 6 (citing *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010) (Andrew, J.)).

Both NCS and Nine are headquartered in Houston, and most of the relevant witnesses from both parties work and reside in Houston, which lies about 160 miles from Waco. *See* Ex. B. Indeed, a 100-mile radius from Waco extends only to Navasota, TX, placing the entirety of the Houston metropolitan area beyond the 100-mile presumptive convenient distance to travel.[2] *Id.* Witnesses travelling internationally can take advantage of direct flights to Houston. *See* Ex. G. No such direct flights exist to Waco. *See* Ex C; Ex. F. Further, Nine's senior employees living

---

[2] All litigants in the other cases filed by NCS are likewise headquartered in the Houston area or internationally, so the same analysis applies to them. The one exception is Permian Petrolink, LLC, whose headquarters is located a presumptively inconvenient 290 miles from Waco.

outside of the Houston area regularly travel to Houston on business. Ex. A, at ¶¶ 21-22. Presumptively, the same is true for NCS.

Non-parties Mr. Harris or corporate witnesses from OFS would also have to travel nearly 400 miles and spend over six hours roundtrip driving to Waco to attend trial. *See* Ex. B. This substantial cost, time, and inconvenience to non-party witnesses is unnecessary and is remedied by transferring the case to Houston.

### E. The Jurors in Houston Have A Substantial Local Interest In This Case, Weighing In Favor of Transfer.

The Houstonians of SDTX have a substantially greater interest in having this case tried locally than the Wacoans of WDTX. Accordingly, factor 6 weighs heavily in favor of transfer. This factor weighs the relative interests between the transferee and transferor forums. *Datascape*, 2019 WL 4254069, at *8. The Fifth Circuit has reasoned that this factor is tied to the burdens of jury service, and that the burdens of serving on a jury "'ought not to be imposed upon the people of a community which has no relation to the litigation.'" *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Both WDTX and SDTX assemble venire panels from individuals residing in the counties that compose a division. *See Final Order Re: Jurors in WDTX* at 1-2 (W.D. Tex. Mar. 21, 2017) (C.J. Garcia); *In re Amended Jury Plan*, Order 2013-06, at § 5 (S.D. Tex. Jul. 5, 2013). Accordingly, when comparing venues between SDTX and WDTX, the relevant "community" under the *Volkswagen* factors is the division, not the wider district as a whole. *See, e.g.*, *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 1:14-CV-464-LY, 2014 WL 12479284, at *7 (W.D. Tex. Aug. 12, 2014) ("The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests.").

Here, the Houston Division has a clear and unmistakable interest in this case: (1) both Nine and NCS are headquartered in Houston (Ex. A, at ¶ 7; Complaint, Dkt. 2), (2) many of the alleged infringing acts occurred in Houston, including the assembly of BreakThru™ Devices (Ex. A, at ¶¶ 18, 20), (3) both Nine and NCS employ a significant number of employees in Houston (*Id.* at ¶ 8), (4) one of the named inventors of the Asserted Patent lives in Houston (Ex. D), (5) employees of non-parties OFS and 47% of Nine's customers in Houston demonstrate that clear interest (*Id.* at ¶ 20).[3]

In comparison, the Waco division of WDTX has no interest in this case at all. Neither Nine nor NCS has any employees or operations there. Complaint, Dkt. 2; Ex. C. Nine maintains *no facilities* in the Waco division.[4] Ex. A, at ¶ 23. Indeed, the only links that this case has to the wider WDTX are Nine's offices in Midland, Monahans, and Pleasanton. Complaint, Dkt. 2. But the Monahans and Pleasanton facilities do not provide any services related to the BreakThru™ Devices. Ex. A, at ¶ 12. And while the BreakThru™ Device is sold and serviced by the Midland location, that location is over 280 miles from Waco, and is situated in the Midland division of WDTX. *Id.* at ¶ 11; Ex. B. As a result, a juror from the Midland division cannot be empaneled to hear this case.

### F.  The Remaining Factors Are Neutral.

The remaining *Volkswagen* factors 4, 5, 7, and 8 are generally neutral and do not weigh in favor of or against transfer. Factor 4 is neutral because this case remains in its early stages. There is therefore no private efficiency advantage to be gained by trying this case in one district over another. No scheduling order has yet been entered. Further, no responsive pleading or motion has

---

[3] The same analysis applies to the litigants in the NCS Cases, except Permian Petrolink, LLC.

[4] NCS has not alleged that *any* of the litigants in the NCS Cases operate in the Waco division.

yet been filed in the NCS Cases, leaving no clear efficiency gains could be achieved by consolidation.[5] Therefore, transferring this case would not result in any inefficiency.

Factor 5 weighs slightly in favor of transfer. The courts in SDTX provide a slightly faster time to resolution, averaging 23.2 months as compared to 24.6 months in WDTX. *See* Ex. I. However, court congestion is "the most speculative" factor, and where "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *In re Genentech*, 566 F.3d at 1347 (applying Fifth Circuit law). Further, while this Court has a speedy default scheduling order, the Federal Circuit has cautioned against considering such general practices. *In re Adobe, Inc.*, No. 2020-126, slip op. at 7-8 (Fed. Cir. Jul. 28, 2020).

Factor 7 is also neutral because the claims in this case arise under federal patent law. Both districts are familiar with and equally capable of applying federal patent laws to patent infringement and invalidity claims. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (applying Fifth Circuit Law). Factor 8 is also neutral, since this case does not involve any conflict of laws or application of foreign law.

## IV. CONCLUSION

Weighing the factors together, private factors 1-3 and public factor 6 strongly weigh in favor of transfer and *none* weigh in favor of WDTX, with the remaining factors neutral. Accordingly, transfer to the Houston Division of SDTX would be significantly more convenient than trying this case in Waco. For these reasons, Defendant respectfully requests that the Court grant this motion and transfer this case to the Houston Division of the Southern District of Texas.

---

[5] The only defendant in the NCS cases with a principal place of business in WDTX is Petrolink, LLC, whose headquarters is located nearly 290 miles from Waco. Accordingly, it is likely that many, if not all, of the defendants will respond with motions to dismiss or transfer.

*Defendant Nine Energy Service, Inc.'s Opposed Motion to Transfer Venue*

Dated: July 31, 2020

Respectfully submitted,

VINSON & ELKINS LLP

By: */s/ Hilary L. Preston*

Hilary L. Preston
Texas Bar No. 24062946
hpreston@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
Telephone: +1.512.542.8400
Fax: +1.512.542.8612

Parker D. Hancock
Texas Bar No. 24108256
phancock@velaw.com
Sean P. Belding
Texas Bar No. 24109634
sbelding@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760
Telephone: +1.713.758.2222
Fax: +1.713.758.2346

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2020, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(b)(1).

> */s/ Hilary L. Preston*
> Hilary L. Preston