# EXHIBIT A

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

——————————————

**In re:  HP INC.,**
*Petitioner*

——————————————

2020-140

——————————————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 4:19-cv-00696-ALM, Judge Amos L. Mazzant, III.

——————————————

**ON PETITION AND MOTION**

——————————————

Before NEWMAN, LOURIE, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

HP Inc. petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to transfer this case to the United States District Court for the Northern District of California.  Largan Precision Co., Ltd. opposes.  HP replies.  HP also moves without opposition to submit a supplemental appendix.  For the following reasons, we grant HP's petition.

BACKGROUND

Largan, a Taiwanese corporation, brought this suit against two other Taiwanese corporations, Ability Opto-Electronics Technology Co., Ltd. ("AOET") and Newmax Technology Co., Ltd, as well as against HP, for infringing four patents based on HP's incorporation of AOET's and Newmax's optical lenses into HP's laptops.

HP, joined by AOET and Newmax, moved pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Northern District of California where HP is headquartered. Attached to HP's motion was a declaration filed by HP's Senior Litigation Manager, Anthony Baca. Baca identified ten HP employees residing in Northern California that had relevant knowledge regarding sales, marketing, revenue, and profits of the accused products. He added that no employee responsible for such activity works in the Eastern District of Texas. Baca additionally stated that documents relating to the design, development, marketing, and sales of the accused products were also in the transferee district and elsewhere, but not in the Eastern District of Texas.

HP further argued that the only state in the United States to which Largan has a connection is California, noting that Largan had previously filed two patent infringement suits in the Northern District of California, including an action alleging infringement of one of the patents asserted in this case as well as other related patents based on incorporation of Genius Electronic Optical Co., Ltd.'s lenses into Apple Inc.'s products. HP argued that Apple and Genius, which both have offices in Northern California, likely had material information relevant to invalidity and damages that the transferee venue could compel. HP added that transfer would preserve judicial economy given the Northern District of California was already familiar with the technology and one of the patents.

The district court denied the motion. In examining the factors related to the private interests of the litigants, the

court acknowledged that physical sources of proof and potential willing witnesses are in the Northern District of California, and not the Eastern District of Texas. However, the court weighed those factors as neutral largely because more documents and witnesses would be coming from Taiwan. The court also recognized that Apple and Genius would likely be beyond the reach of its compulsory process powers, but nonetheless weighed the factor against transfer because "Largan identifie[d] specific third-party witnesses, with at least two residing in Texas." Appx24.

The district court also addressed several factors related to the public's interest. The court recognized that the local interest factor weighed at least slightly in favor of transfer given "more of the events giving rise to this suit appear to have occurred in the Northern District of California than in the Eastern District of Texas—specifically, the development of the accused products." Appx30. However, the court weighed against transfer that it had "already gained familiarity with the parties and issues in this case in deciding Defendants' personal jurisdictional challenge" and because "AOET indicated its plans to relitigate its personal jurisdictional challenge if this case is transferred to the Northern District of California." Appx28.

Finding that one factor weighed in favor of transfer, two weighed against transfer, and the rest neutral, the court concluded that the defendants had failed to show that transfer is clearly more convenient and in the interest of justice. Accordingly, the court denied the motion. HP then filed this petition seeking mandamus review.

DISCUSSION

A party seeking mandamus must: (1) show that it has a clear and indisputable legal right; (2) show it does not have any other method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). In the transfer context,

these requirements coalesce into one, because the possibility of an appeal after judgment is not an adequate remedy and mandamus is deemed an appropriate vehicle to correct patently erroneous transfer determinations. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008).

We review a decision to deny transfer pursuant to § 1404(a) under regional circuit law, in this case, the Fifth Circuit. *Id.* at 1319. Fifth Circuit law requires that when a movant "clearly demonstrate[s] that a transfer is '[f]or the convenience of parties and witnesses, [and] in the interest of justice,'" the district court "should" grant transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citation omitted). That determination is focused on a comparison of the relative convenience of the two venues based on assessment of the traditional transfer factors. *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (noting that the critical inquiry "is relative ease of access, not absolute ease of access." (emphases omitted)); *see also In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (granting mandamus, explaining that while an analysis of the factors in that case "may not show that the transferee forum is far more convenient," such a showing was not required to compel transfer, because "[w]ith nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is 'clearly more convenient'" (citation and emphases omitted)).

In reviewing that determination on mandamus, we ask whether the district court clearly abused its discretion. *TS Tech*, 551 F.3d at 1319. To answer that question, we may, under appropriate circumstances, revisit the court's analysis of the disputed transfer factors (here, largely the willing witness, source of proof, compulsory process, and practical problems factors[1]), *see Radmax*, 720 F.3d at 288, and

---

[1]    HP also argues that the district court erred in weighing the local interest factor only slightly in favor of

"review carefully the circumstances presented to and the decision making process of the district court," *Volkswagen*, 545 F.3d at 312 (internal quotation marks and citation omitted). Given this suit was brought by a foreign plaintiff, HP's presence in the transferee venue, and no readily apparent connection with the Eastern District of Texas, we conclude that this is one of those cases. In revisiting the relevant factors and taking due account of the proper inquiry, we hold that HP has shown entitlement to mandamus because the court's decision lies far outside the boundaries of a reasonable exercise of discretion.

## A.

1. In its consideration of the willing witness factor, the district court here acknowledged that "[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums." Appx27 n.2 (quoting *Toyota*, 747 F.3d at 1340). The district court's analysis, however, failed to adhere to that legal principle. Specifically, because the district court recognized that HP had identified several witnesses in the Northern District of California that could testify at trial without having to travel away from their residences and that "no key witnesses appear to reside in the Eastern District of Texas," Appx27, the district court should have weighed this factor at least slightly in favor of transfer. Instead, the court here erred in weighing this factor as neutral on the ground "that the most numerous and significant witnesses reside in Taiwan, for whom travel to either forum is equally inconvenient." *Id*.

---

transfer as opposed to strongly in favor of transfer given HP's presence in the transferee venue and no party or event giving rise to this suit in the Eastern District of Texas. While there is force to this contention, we find that making such a change would not alter the outcome here.

2.  The district court made a similar error in its assessment that the sources of proof factor here favored neither of the two venues.  The district court reasoned that "HP will likely produce evidence from its headquarters in the Northern District of California, but may also [electronically] access documents located within [other parts of] Texas, and the bulk of evidence in this case will likely come from Taiwan rather than any district in the United States."  Appx23.  This again ignored that the critical inquiry "is relative ease of access, not absolute ease of access."  *Radmax*, 720 F.3d at 288 (emphases omitted).  Since no party is in the Eastern District of Texas, and the existence of physical sources of proof in the Northern District of California makes that venue more convenient for trial, this factor also weighs at least slightly in favor of transfer.

3.  The district court likewise erred in ruling that the compulsory process factor weighed against transferring the case to Northern California.  The court acknowledged the presence of Apple and Genius within the Northern District of California, which HP believes may have sold and purchased lenses covered by the patents prior to the critical date.  As HP points out, only the transferee venue can compel those companies to provide documentary evidence and trial and deposition testimony without requiring any travel.  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009).  By contrast, Largan only identified Texas residents who reside more than 100 miles outside the Eastern District of Texas, which means that court can only compel testimony if it would not incur a substantial expense.  Fed. R. Civ. P. 45(c)(1)(B).

The district court weighed this factor against transfer based solely on the fact that Largan had identified its third parties by name whereas HP identified the corporate entities without specifying individual employees.  However, we cannot say that should negate the potential benefits of transfer here with regard to Apple and Genius.  To be sure, it is reasonable to reject vague and unsupported

statements regarding the location of potential witnesses or sources of proof. *See In re Apple Inc.*, 743 F.3d 1377, 1379 (Fed. Cir. 2014). But here, the court recognized that the pertinent Apple and Genius information would likely be in the transferee venue. There was thus no basis to discount these entities just because individual employees were not identified. This factor therefore should have been weighed, at a minimum, as neutral, if not in favor of transfer.

4. Lastly, the district court erred when it weighed the practical problems factor against transfer. The Eastern District of Texas rejected transfer to the Northern District of California, a court that has familiarity with the technology and one of the patents, based largely on the Eastern District of Texas's own familiarity gained in deciding AOET's and Newmax's personal jurisdiction challenges. The problem with this analysis is that "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted,'" *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). At the time this suit was instituted, the Northern District of California had gained familiarity over one of the patents in presiding over Largan's earlier suit against Genius, while the district court here had no familiarity with any of the issues.[2]

The district court also expressed some concern over the possibility that AOET would relitigate personal jurisdiction if the case were transferred. But this fear appears to be based entirely on the fact that AOET stated that it was joining HP's motion "without waiving its defenses of lack of personal jurisdiction and improper venue." Appx462. Given the court had already concluded that the suit could have been brought in the Northern District of California

---

[2] Even making this assessment at the time the transfer motion was filed, the transferee venue had at least as much, if not more, experience with relevant issues.

and AOET joined the motion, we cannot say that this spec-ulation could justify weighing this factor against transfer.

## B.

In summary, the district court's ruling was clearly wrong. While it correctly labeled the local interest factor in favor of transfer, the district court incorrectly labeled the willing witness and sources of proof factors as neutral when they clearly weigh at least slightly in favor of trans-fer, and incorrectly weighed the compulsory process and practical problems factors against transfer when, at a min-imum, those factors are neutral.

While mindful that mandamus "does not reach all er-roneous rulings of the district court," *Volkswagen*, 545 F.3d at 315 n.11, as in previous cases where this court and the Fifth Circuit have decided to issue the writ, here there is such "a stark contrast in relevance, convenience, and fair-ness between the two venues," *Hoffmann*, 587 F.3d at 1336, that the only plausible judgment that can be reached under these facts is that the Northern District of California is clearly more convenient for trial of this case.

Several witnesses will find the Northern District of California a less costly and more convenient forum to ap-pear at trial. Apple and Genius employees can also be com-pelled to produce documents and trial and deposition testimony without having to travel. The district court itself found that the Northern District of California has more of a local interest in this case. The transferee venue has fa-miliarity with the underlying technology and patents. And the Northern District of California is also the only venue where any of the physical evidence is located. Meanwhile, the Eastern District of Texas has no direct connection to any witnesses, source of proof, or interest in this case.

Even measuring against the high standard necessary to grant a writ of mandamus, under these facts, HP has established the right to a writ to direct transfer.

IN RE: HP INC.                                                     9

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is granted.  The district court's June
10, 2020 order is vacated, and it is directed to transfer this
matter to the United States District Court for the Northern
District of California.

(2)  The motion for leave to submit a supplemental ap-
pendix is granted.

                              FOR THE COURT

    September 15, 2020        /s/ Peter R. Marksteiner
           Date               Peter R. Marksteiner
                              Clerk of Court

s24