**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:20-cv-00277 ADA |
| | § | |
| vs. | § | |
| | § | |
| NINE ENERGY SERVICE, INC., | § | |
| | § | |
| Defendant. | § | |

**NCS MULTISTAGE INC.'S OPPOSED MOTION TO STRIKE NINE
ENERGY SERVICE INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 32)**

Plaintiff NCS Multistage Inc. ("NCS") moves to strike Defendant Nine Energy Service, Inc.'s ("Nine") Notice of Supplemental Authority in Support of Nine's Motion to Transfer Venue ("Notice") (Dkt. 32), because it is **not** a notice, it is an improperly filed supplemental brief to its Motion to Transfer Venue.

On July 31, 2020, Nine file its Motion to Transfer Venue (Dkt. 24), asking this Court to transfer the case to the SDTX. NCS filed an opposition to that motion (Dkt. 28), and the briefing period closed when Nine filed its reply on September 4, 2020 (Dkt. 30). On September 18, Nine filed its Notice. In the Notice, Nine cites a recent non-precedential Federal Circuit decision *In re HP*, and offers three pages of legal arguments as to why that case purportedly tips the convenience factors in its favor. *See generally* Dkt. 32. Facially, Nine's Notice is not a notice. Rather, Nine's so-called Notice is supplemental briefing filed after the close of briefing and without leave of Court, and it curtails NCS's right to fairly defend against Nine's effort to

transfer this case.  As such, the Court should strike the Notice from the record.[1]

If Nine wants to supplement its briefing, it must seek leave of Court to do so.  And NCS will oppose that request for at least two reasons.

First, *In re HP* does not create new binding authority.  It is a non-precedential opinion that cites **old** Fifth Circuit and Federal Circuit law to determine whether the district court abused its discretion in denying a transfer motion.  *See generally* Dkt. 32.  Nine waived the arguments in its Notice because it could have cited this old law and made the arguments during the briefing period.  That the Federal Circuit issued a recent opinion citing old transfer law does not give Nine a hook to open back up the briefing schedule.

Second, Nine mischaracterizes *In re HP*.  Nine's primary argument in the Notice is that *In re HP* holds that the Court cannot consider the convenience of foreign witnesses in a transfer decision.  (*Id.* at 1-2).  That is not what that case says, makes no sense, and would be an extraordinary overhaul of *forum non-conveniens* law.  In *In re HP*, the Federal Circuit quoted the district court's statement that "[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums," and found the district court erred by not considering that several witnesses lived in the transferee forum while none lived in the transferor forum.  *In re HP Inc.*, No. 2020-140, slip op. at 5 (Fed. Cir. Sept. 15, 2020).  That quote does not say or even suggest the Court cannot consider the convenience of foreign witnesses.  The Federal Circuit merely found that the district court erred in tilting the balance against transfer based on the foreign witnesses when so many relevant witnesses lived in California (the transferee forum) and none lived in Texas (transferor forum).

---

[1] Counsel for NCS informed Nine's counsel it would move to strike the Notice for making improper and untimely legal arguments unless Nine withdrew it.  Nine did not agree and opposes this motion to strike.

*Id.*

The Fifth Circuit, and the Federal Circuit applying Fifth Circuit law, certainly weigh the convenience of foreign witnesses in the transfer analysis, especially when key witnesses are scattered globally. *See In re D-Link Corp.*, 183 Fed. Appx. 967, 968-69 (Fed. Cir. 2006) (affirming EDTX finding that Texas was more convenient than New York for witnesses residing in California, Taiwan, and Israel); *In re Telular*, 319 F. App.'x 909, 910-12 (Fed. Cir. 2009) (affirming EDTX finding that Texas was more convenient that Illinois because witnesses and documents were located in Atlanta). Similarly, in this case, the Court should consider the convenience of the four inventors that live in Canada, who are key witnesses and have filed declarations supporting NCS's position that the WDTX is the more convenient forum. (Dkts. 28-6, 28-7, 28-8, and 28-9).

Nine's secondary arguments also rely on old law and are all mischaracterizations of *In re HP*. Nine says this Court should not consider witnesses under factor 1 because *In re HP* purportedly holds that witnesses are not a "source or proof". (Dkt. 32 at 1-2). *In re HP* does not say that. In that case the Federal Circuit did not consider witnesses under factor 1 because the district court did not consider them. *In re HP*, slip op. at 6. This Court routinely considers the convenience of witnesses under factor 1. *See, e.g. Uniloc 2017 LLC v. Apple Inc.*, 6-19-cv-532-ADA, 2020 U.S. Dist. LEXIS 109037, at *32 (W.D. Tex. June 19, 2020); *Cameron Int'l Corp. v. Nitro Fluids, L.L.C.*, 2020 U.S. Dist. LEXIS 05240, at *17 (W.D. Tex. June 16, 2020); *Fintiv, Inc. v. Apple Inc.*, 6:18-cv-372-ADA, 2019 U.S. Dist. LEXIS 171102, at *9-10 (W.D. Tex. Sept. 1, 2019); *SynKloud Techs., LLC v. Dropbox, Inc.*, 6:19-cv-525-ADA, 2020 U.S. Dist. LEXIS 84958, at *9-10 (W.D. Tex. May 14, 2020). Nine also says that *In re HP* holds transfer is favored when only the transferee forum can compel third party witnesses. (Dkt. 32 at 2). Again,

*In re HP* does not hold this. The Federal Circuit found the district court erred because it "should have weighed" that third party witnesses were in the 100-mile radius of the transferee forum. *In re HP*, slip op. at 7. Nine says it has customers in Houston. But Houston is just the location of these customers' corporate offices. Nine's Houston customers have employees in the WDTX who are in the field conducting the infringing methods and are potential key third party witnesses located closer to Waco. (Dkt. 28 at 4). Finally, Nine says *In re HP* holds that this Court cannot consider the pending related litigations, because they were not filed at the time this suit was filed against Nine. (Dkt. 32 at 3). Yet again, that is not what *In re HP* holds. The Federal Circuit found that the EDTX's expertise on the technology over gained time did not tip the convenience factors because transfer motions are decided based on the situation existing at the time the suit is filed. *In re HP*, slip op. at 7. NCS is not arguing this Court has gained more knowledge than SDTX. NCS argues that pending related lawsuits on the same patent in this Court warrants keeping all of the cases together in Waco. (Dkt. 32 at 11-12).

For all the foregoing reasons, Nine's Notice should be stricken from the record.

Dated:  September 22, 2020

Respectfully submitted,

*/s/ Domingo M. LLagostera*
**Domingo M. LLagostera**
(*Attorney-in-charge*)
State Bar No. 24070157
Tel.: (713) 632-8682
Fax: (713) 228-6605
DLLagostera@BlankRome.com
**Russell T. Wong**
State Bar No. 21884235
RWong@BlankRome.com
Tel.: (713) 632-8634
Fax: (713) 228-6605
**Munira Jesani** (*admitted pro hac vice*)
State Bar No. 24101967
MJesani@BlankRome.com
717 Texas Avenue, Suite 1400
Houston, TX 77002
Tel: (713) 632.8628

**Andrew K. Fletcher** (*admitted pro hac vice*)
PA State ID. 75544
AFletcher@BlankRome.com
501 Grant Street, Suite 850
Pittsburgh, PA 15219
Tel: (412) 932.2736

**ATTORNEYS FOR PLAINTIFF NCS MULTISTAGE INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were electronically served with a

copy of the foregoing on September 22, 2020 via the Court's ECF system.

*/s/ Domingo M. LLagostera*
Doming M. LLagostera