**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| NCS MULTISTAGE INC., <br><br> Plaintiff, <br><br> v. <br><br> NINE ENERGY SERVICE, INC., <br><br> Defendant. | CIVIL ACTION NO. 6:20-CV-00277-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT NINE ENERGY SERVICE, INC.'S OPPOSITION TO PLAINTIFF NCS'S
MOTION TO STRIKE NINE'S PRELIMINARY INVALIDITY CONTENTIONS**

Nine Energy Service, Inc. ("Nine") respectfully submits this Opposition to the Motion to Strike Nine's Preliminary Invalidity Contentions (the "Motion") (Dkt. 31) filed by Plaintiff NCS Multistage, Inc. ("NCS") and requests that the Court deny the Motion. NCS has admitted that Nine's Invalidity Contentions, including Nine's Prior Art Chart (Dkt. 31, Ex. A), are fully compliant with the Court's Order Governing Proceedings ("OGP") (Dkt. 20). Nonetheless, NCS demands an *additional* "explanation in the contentions of which references are anticipating or obvious." Motion, at 2. NCS attempts to argue that this alleged requirement comes from the "purpose" of the rules of *other courts*. *Id.* at 1. These arguments should be rejected. As demonstrated below, each of NCS's additional arguments—that Nine has somehow deprived NCS of its ability to prepare for the *Markman* process and that the Prior Art Chart is in some way too long—are equally meritless. NCS's dispute on the form of the invalidity contentions is fundamentally not with Nine but with this Court's rules. For these reasons, and the reasons that follow, NCS's Motion should be denied.

*First*, NCS does not dispute that Nine's Prior Art Chart satisfies the "literal words of this Court's order," (Motion at 2), and is thus fully compliant with the OGP. This concession alone is

sufficient reason to deny NCS's Motion.  NCS admitted as much during the required meet-and-confer.  In the same call, Nine specifically asked NCS for a citation of any authority to support NCS's threatened motion to strike.  NCS provided none.  NCS instead offered to provide Nine any authority it could find to support its position prior to filing any motion to strike.  NCS again provided none, but instead, filed the present Motion.

*Second*, NCS's request to rewrite this Court's rules should be rejected.  Indeed, the Court carefully crafted the OGP with the input of the Court's procedures committee, resulting in "a default that was the most fair and neutral to every kind of lawyer that is handling a patent case." Ex. A, Richard Lloyd, *Judge Albright explains why he has made WDTX a beacon for Patent Cases*, IAM (Apr. 6, 2020), https://www.iam-media.com/litigation/judge-albright-his-path-becoming-one-of-americas-busiest-patent-judges-and-his-top.  The Court's procedures were intended to ensure that counsel would "pretty much know within certain parameters exactly how the case would go."  *Id.*  This predictability would be dramatically undercut if the procedures were nevertheless read, as NCS's Motion suggests, to impose additional unstated requirements that flow from the claimed *purposes* of other Courts' rules. The OGP states with surgical accuracy what is required of a defendant:

> Defendant shall serve preliminary invalidity contentions ***in the form*** of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.

Dkt. 20, at 2 (emphasis added).  Nowhere is there any requirement to provide an "explanation in the contentions of which references are anticipating or obvious," (Motion, at 2), as NCS claims is required.

It is further apparent from the EDTX's Local Patent Rules ("LPR") that the OGP has *specifically* omitted any such requirement. *See* Ex. B, at 50 *et seq.* The language of the Court's OGP borrows heavily from EDTX LPR 3-3(c) and (d), which requires "a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found . . ." and "[a]ny grounds of invalidity based on indefiniteness . . . or enablement or written description . . . of any of the asserted claims." *Id.* at 57. However, the OGP contains *nothing* that resembles EDTX LPR 3-3 (b), which requires defendants to state "[w]hether each item of prior art anticipates each asserted claim or renders it obvious." *Id.* In short, the Court's intentional omission of any requirement parallel to EDTX LPR 3-3(b) is abundantly clear.

*Third*, NCS's suggestion that Nine provide an "explanation in the contentions of which references are anticipating or obvious" *in addition to* Nine's Prior Art Chart is based solely on the claimed "purpose" of contention procedures of *other courts* not applicable here. Both *Core Wireless* and *Personal Audio* addressed disputes under EDTX LPR 3-3(b), which this Court has specifically not adopted (as discussed above). *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-00911, 2016 WL 3655302, at *1 (E.D. Tex. Mar. 21, 2016); *Pers. Audio, LLC v. Togi Entm't, Inc.*, 2:13-cv-00013, 2014 WL 12617798, at *1 (E.D. Tex. Aug. 6, 2014). The sole WDTX case cited by NCS refers to a Scheduling Order issued by Judge Pitman which expressly required the parties to "identify[] all asserted bases for invalidity." Ex. C, at 2; *see Pisony v. Commando Constrs., Inc.*, No. 6:17-cv-00055, 2020 WL 4934463, at *2 (W.D. Tex. Aug. 24, 2020). This Court likewise has no requirement parallel to Judge Pitman's scheduling order. For these reasons, the Court should disregard the cases cited by NCS.

*Fourth*, NCS's suggestion that Nine's Prior Art Chart in some way impedes the upcoming *Markman* process should be rejected. Nine's Prior Art Chart provides sufficient notice of Nine's

invalidity contentions for the purposes of the *Markman* process without imposing unnecessary burden on either party. Nine's Prior Art Chart provides a detailed concordance of where Nine contends that the limitations of the asserted claims are disclosed in the prior art. To the extent that NCS believes that any claim term requires construction, Nine's contentions provide ample notice to NCS of where Nine believes that term is taught in the art. To the extent that NCS wants Nine to identify specific grounds of invalidity in view of the prior art, NCS is free to serve interrogatories to Nine following the *Markman* hearing. Further, NCS has the benefit of previewing some of Nine's detailed invalidity arguments in Nine's Petition for IPR. *Nine Energy Serv., Inc. v. NCS Multistage Inc.,* IPR2020-01615, Paper 1 (PTAB Sept. 11, 2020).

*Fifth,* NCS cannot reasonably object to the length of Nine's prior art chart, as they appear to do. *See* Motion at 2. The asserted claims include limitations that relate to oil and gas plugs, sealing mechanisms, applications of plugs for specific well construction tasks, and the fluids used in such tasks. Given the wide scope of analogous art, and the variety of different fields of analogous art, Nine draws references from each of these categories, among others. Nonetheless, the *sole* feature that NCS argued was absent from the prior art is the indefinite limitation that "the region of the tubular member where the rupture disc is attached . . . is parallel to the internal diameter of the casing string." *See* Ex. D, at 11-12 (emphasis in original) (arguing this limitation distinguishes NCS's claim from the prior art in the last response prior to a Notice of Allowance, dated Sept. 24, 2019). Because this limitation is indefinite, Nine further needed to include numerous references to cover all potential meanings of this indefinite limitation.

*Sixth*, NCS's Motion should be denied because NCS has failed to ask for any meaningful relief. Instead, the Proposed Order provided by NCS merely requests that Nine re-serve its admittedly compliant Invalidity Contentions a week following the Court's order. That Proposed

Order provides for *no additional disclosures by Nine*. Given NCS's admissions, Nine can comply with such an order merely by re-serving the *same* Invalidity Contentions it previously served on September 11. Such an exercise serves no purpose, and thus NCS's motion should be denied.

\*   \*   \*

For all these reasons, NCS's Motion is baseless and should be denied. At root, NCS's dispute is not with Nine or its Prior Art Chart, but with the Court's OGP. NCS's demands here are an attempted end-run around the OGP to apply instead EDTX's LPRs. But NCS chose this Court, and is therefore bound by its procedures. To the extent that NCS wishes to be governed by another Court's rules, NCS is free to withdraw its opposition to Nine's Motion to Transfer Venue (Dkt. 24), and agree to a transfer to Houston. The SDTX has adopted LPRs that substantially mirror the EDTX's LPRs. *See* Ex. E, 6-7 (SDTX Local Rule 3-3). But so long as this case remains in the WDTX, NCS cannot insist upon applying additional and unstated requirements on Nine. Plaintiff NCS chose this Court. It should therefore be bound by this Court's procedures. NCS has admitted that Nine's Invalidity Contentions are compliant with those procedures, providing ample reason to deny NCS's Motion. For that reason, and the reasons stated above, NCS's motion to strike Nine's invalidity contentions should be denied.

Dated: September 23, 2020

Respectfully submitted,

VINSON & ELKINS LLP

By: */s/ Hilary L. Preston*

Hilary L. Preston
Texas Bar No. 24062946
hpreston@velaw.com
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, TX 78746
Telephone: +1.512.542.8400
Fax: +1.512.542.8612

Parker D. Hancock
Texas Bar No. 24108256
phancock@velaw.com
Sean P. Belding
Texas Bar No. 24109634
sbelding@velaw.com
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760
Telephone: +1.713.758.2222
Fax: +1.713.758.2346

***Attorneys for Defendant / Counter-Claim Plaintiff Nine Energy Service, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2020, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(b)(1).

>                             */s/ Hilary L. Preston*
>                             Hilary L. Preston

US 7389291