IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NCS MULTISTAGE INC., <br><br> Plaintiff, <br><br> v. <br><br> NINE ENERGY SERVICE, INC., <br><br> Defendant. | CIVIL ACTION NO. 6:20-CV-00277-ADA <br><br> **JURY TRIAL DEMANDED** |

### NINE ENERGY SERVICE, INC.'S OPPOSITION TO NCS MULTISTAGE INC.'S MOTION TO STRIKE NINE'S NOTICE OF SUPPLEMENTAL AUTHORITY

Nine Energy Service, Inc. ("Nine") respectfully submits this Opposition to Plaintiff NCS Multistage Inc.'s ("NCS's") Motion to Strike Nine's Notice of Supplemental Authority, (Dkt. 33), (the "Motion") and requests that the Court deny the Motion.

Nine respectfully submits that it is appropriate for the parties to submit Notices of Supplemental Authority that may affect the outcome of motions pending before the Court, including persuasive appellate law on similar facts as presented in Nine's Motion to Transfer Venue (Dkt. 24). *See Mendoza v. Microsoft, Inc.*, 1 F. Supp. 3d 533, 541 (W.D. Tex. 2014) (quoting *Sisk v. Abbott Labs.*, No. 1:11 CV 159, 2012 WL 1164559, at *1 (W.D.N.C. Apr. 9, 2012)) ("[A] notice of supplemental authority [is] commonly used in the federal court system to alert the Court to a decision of another court issued after the close of the briefing period . . . . To suggest that a party may not file such a notice and inform the Court of subsequent authority is nonsensical."). Nine merely filed the Notice for the convenience of the Court.

Furthermore, NCS has failed to provide any rule or authority to support its motion and its attendant burden of showing that they are entitled to relief. As with NCS's last motion to strike, (Dkt. 31), Nine specifically asked during the parties' meet-and-confer discussion for NCS to

US 7396254

identify any authority that suggested that Nine should withdraw its Notice. NCS provided none. Nine even offered that it would not object to NCS submitting a responsive notice if NCS believed that Nine had mischaracterized any aspect of *In re HP*. NCS declined and instead has chosen to waste this Court's time by presenting another baseless motion to strike.

Nine refrains from responding to NCS's substantive arguments regarding *In re HP* to avoid needless additional briefing that would otherwise burden the Court. For the foregoing reasons, Nine respectfully requests the Court deny the Motion.

Dated: September 29, 2020

Respectfully submitted,

VINSON & ELKINS LLP

By: */s/ Hilary L. Preston*

Hilary L. Preston
Texas Bar No. 24062946
hpreston@velaw.com
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, TX 78746
Telephone: +1.512.542.8400
Fax: +1.512.542.8612

Parker D. Hancock
Texas Bar No. 24108256
phancock@velaw.com
Sean P. Belding
Texas Bar No. 24109634
sbelding@velaw.com
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760
Telephone: +1.713.758.2222
Fax: +1.713.758.2346

US 7396254

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2020, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(b)(1).

>     */s/ Hilary L. Preston*
>     Hilary L. Preston