# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:20-cv-00277-ADA |
| vs. | § § § | |
| NINE ENERGY SERVICE, INC. | § § | |
| Defendant. | § § § | |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, Plaintiff NCS Multistage Inc. ("NCS") and Defendant Nine Energy Service, Inc. ("Nine Energy"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information in the above-referenced action (the "Action"); and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "CONFIDENTIAL -

1

ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - AEO PROSECUTION BAR" The words "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - AEO PROSECUTION BAR" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - AEO PROSECUTION BAR" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – AEO PROSECUTION BAR." All Protected Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated shall be designated by the producing Party by informing the receiving Party of the designation in writing.

2. Pursuant to the Court's Order Governing Proceedings – Patent Cases (Dkt. 20), any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - AEO

PROSECUTION BAR" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - AEO PROSECUTION BAR") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY or "CONFIDENTIAL - AEO PROSECUTION BAR," both individually and collectively.

3

any documents, information or material derived from or based thereon.

5. In the event of any disclosure of DESIGNATED MATERIAL other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the DESIGNATED MATERIAL form the recipient(s) thereof, and making reasonable efforts to secure the agreement of the recipients not to further disseminate the DESIGNATED MATERIAL in any form. Compliance with the foregoing shall not prevent the producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of DESIGNATED MATERIAL or waive the right to hold the disclosed document or information as Protected.

6. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court:

   (a)  outside counsel of record in this Action for the Parties;

   (b)  employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (c)  in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

   (d)  up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one

4

       or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)   outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant to provide the other party opportunity to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)   independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)   the Court and its personnel.

(h)   Any mediator selected or assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

7. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential, proprietary, trade secret, or commercial, or research and developmental information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8. DESIGNATED MATERIAL shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains

5

access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9. To the extent a producing Party believes in good faith that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination to the other Party or a non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY." To the extent a producing Party believes in good faith that certain Protected Material qualifying to be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is so sensitive that its dissemination to a person responsible for prosecuting patent application(s) for the other Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, the producing Party may designate such Protected Material "CONFIDENTIAL – AEO PROSECUTION BAR."

10. For Protected Material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a-b) and (e-g).

11. For Protected Material designated "CONFIDENTIAL – AEO PROSECUTION BAR," access to, and disclosure of, such Protected Material shall be limited in the same manner as Protected Material desginated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      Further, any person permitted to receive Protected Material designated "CONFIDENTIAL - AEO PROSECUTION BAR,", who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's Protected Material designated "CONFIDENTIAL - AEO PROSECUTION BAR under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Protected Material designated "CONFIDENTIAL - AEO PROSECUTION BAR and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent(s)-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other

material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose

of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY' EYES ONLY" or "CONFIDENTIAL - AEO PROSECUTION BAR" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16. Even in the absence of a designation by a party of a deposition or hearing transcript, any DESIGNATED MATERIAL that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony incorporating or discussing DESIGNATED MATERIAL. Where DESIGNATED MATERIAL is used in a deposition or hearing, the court reporter and videographer shall be informed of this Protective Order and asked to execute a copy of Exhibit A prior to the use of such DESIGNATED MATERIAL. In the event that the deposition is videotaped, the original and all copies of the videotape shall be marked to indicate that the contents of the videotape are subject to the protective order, such as "Contents Subject To Protective Order," or similar.

17. Counsel for any producing Party shall have the right to exclude from oral depositions,

       other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access DESIGNATED MATERIAL based on the designation of such DESIGNATED MATERIAL. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such DESIGNATED MATERIAL.

18. No Party may remove, or cause to be removed, DESIGNATED MATERIAL produced by another Party from the territorial boundaries of the United States of America and Canada. Without limitation, this prohibition extends to DESIGNATED MATERIAL (including copies) in physical and electronic form. The viewing of DESIGNATED MATERIAL through electronic means outside the territorial limits of the United States of America and Canada is similarly prohibited. Notwithstanding this prohibition, DESIGNATED MATERIAL, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States and Canada if it is reasonably necessary for a deposition in this litigation taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

19. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall file sealed documents in accordance with Local Civil Rule 5.2. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

21. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

23. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

25. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. Upon the producing Party's request, the receiving Party shall verify the return or destruction by affidavit furnished to the producing Party.

26. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection

to the furnishing thereof, all such objections being hereby preserved.

27. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29. If any entity subpoenas or orders production of Protected Material from a receiving Party that the receiving Party has obtained subject to this Order, such Party shall (1) promptly notify the entity that issued the subpoena or order that some or all of the material covered by the subpoena or order is subject to this Protective Order, and provide a copy of this order, (2) promptly notify the producing Party of the pendency of the subpoena or order and provide a copy of the subpoena to the producing Party, and (3) provide the producing Party with a list of the DESIGNATED MATERIAL that the receiving Party believes it is obligated to produce. The receiving party shall not produce the information until the producing party shall have reasonable time (which shall not be less than ten (10) calendar days) to object to or take other appropriate steps to protect the information. The

       receiving Party shall not take a position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any producing Party opposing the request for production of such documents or materials. In responding to the subpoena or order, the receiving Party will take all reasonable measures to have such documents treated in accordance with the terms of this Protective Order. Compliance with another Court's order to produce Protected Material shall not be a violation of this Protective Order, provided that the above notification provisions are met.

30.    The Court is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. The Court retains and shall have continuing jurisdiction over the Parties and recipients of the DESIGNATED MATERIAL for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the Court. In the event a Party violates or threatens to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

31.    Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of

DESIGNATED MATERIAL, provided however, that such communications or advice shall not disclose or reveal the substance or content of any DESIGNATED MATERIAL other than as permitted under this Protective Order.

32. This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

33. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

34. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

SIGNED this _____ day of October, 2020     _____
                                                Judge Alan D. Albright
                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC. | § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 6:20-cv-00277-ADA |
| vs. | § § § | |
| NINE ENERGY SERVICE, INC. | § § § | |
| Defendant. | § § | |

**EXHIBIT A
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any "DESIGNATED MATERIAL" that is disclosed to me.

4. I will promptly, upon termination of these actions or upon the termination of my duties relating to this case, return all "DESIGNATED MATERIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to the party that provided that DESIGNATED MATERIAL to me.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

1

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

2