**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **NCS MULTISTAGE,** | § | |
| *Plaintiff,* | § | |
| | § | **6:20-CV-00277-ADA** |
| **v.** | § | |
| | § | |
| **NINE ENERGY SERVICE, INC.,** | § | |
| *Defendant.* | § | |

## ORDER DENYING DEFENDANT NINE ENERGY SERVICE, INC.'S MOTION TO TRANSFER VENUE

Before the Court is Defendant Nine Energy Service, Inc.'s Motion to Transfer Venue, which was filed on July 31, 2020. ECF No. 24. Plaintiff NCS Multistage filed its Response on August 21, 2020. ECF No. 28. Nine filed its Reply on September 4, 2020. ECF No. 30. After considering all related pleadings and the relevant law, the Court is of the opinion that Nine's Motion should be **DENIED**.

### I. Factual Background

This is a patent dispute over Nine's BreakThru™ Casing Flotation Device (the "BreakThru™ Device"). Nine is incorporated in Canada with headquarters located in Houston, Texas. ECF No. 24 at 1. Nine has three offices in WDTX, of which the office in Midland provides services related to the accused BreakThru™ Device. *Id.* at 2. A substantial portion of the BreakThru™ Devices assembled for the Texas market are manufactured by non-party OFS International, LLC ("OFS"), whose facilities are in Houston. *Id.* The remaining devices for Texas distribution are assembled at Nine's facilities in Corpus Christi, Texas. *Id.* BreakThru™ devices for other markets are assembled at Nine facilities in Marietta, Ohio and Red Deer, Alberta, Canada. *Id.* NCS contends that Nine is a global company with a substantial presence in WDTX. ECF No.

1

28 at 1. NCS alleges that many Nine employees, customers, executives, and inventors are located outside the SDTX and in fact reside in the WDTX, EDTX, and Canada. *Id* at 1-2.

## II. Standard of Review

A district court may transfer a civil action to another district or division where it might have been brought without the consent of both parties, only if the movant can meet its heavy burden to show that the transferee venue is clearly more convenient. *Hammond Dev. Int'l, Inc. v. Google LLC*, 1:20-cv-00342-ADA, 2020 U.S. Dist. LEXIS 110984, at *5, 16 (W.D. Tex. June 24, 2020) (Albright, J.).

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties, witnesses and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *VanDusen v. Barrack*, 376 U.S. 612, 622 (1964)). A motion for transfer, whether intra- or inter-district, involves a two-step analysis: 1) whether the case could have been properly brough in the forum to which transfer is sought and 2) whether transfer would promote the interest of justice and/or convenience of the parties and witnesses. *Radmax*, 720 F.3d 285, 288; *see also In re Volkswagen of America, Inc.,* 545 F.3d 304, 312, 314 (5th Cir. 2004) (en banc).

The Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. US.  Fid  & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).  The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory

process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

### III. Discussion

Under Fifth Circuit law, this Court retains discretion to transfer an action to a district where the transferee venue is clearly more convenient. *Hammond*, 2020 U.S. Dist. LEXIS, at *5. If the venue is found to not be clearly more convenient, the plaintiff's choice of venue should be respected. *Id.* Below are the public and private factors the Court considers when deciding to transfer the instant case based on convenience. The parties agree that public factors 3 (the familiarity of the forum with the law that will govern the case) and 4 (conflict of laws) are neutral so those will not be discussed.

#### A.     The private *Volkswagen* factors weigh against transferring the case.

##### i.     The "relative ease of access to sources of proof" factor weighs against transfer.

In considering relative ease of access to sources of proof, this Court looks to accessibility to witnesses and accessibility of documents and physical evidence. *Id.* at *6-8. "When determining the weight and impact of the location of witnesses, this Court looks at the totality of the circumstances, including but not limited to, 'the witness's title and relevant experience, the likelihood that a witness may have relevant information, the number of witnesses, the location of

3

those witnesses, whether the testimony of those witnesses goes to an element of a claim, the amount of public information available to the parties, etc.'" *Uniloc 2017 LLC v. Apple Inc*., 6-19-cv-00532-ADA, 2020 U.S. Dist. LEXIS 109037, at *32 (W.D. Tex. June 19, 2020) (Albright, J.). Here, many potential and key trial witnesses are outside the SDTX, including in the WDTX, EDTX, and Canada. Therefore, Waco is more convenient than or just as convenient as Houston for those witnesses.

Nine states that because "nearly all evidence is accessible from Houston, factor 1 strongly weighs in favor of transfer." ECF No. 24 at 5. But as this Court has held, the relevant inquiry under Fifth Circuit precedent is the physical location of the documents, not where documents are accessible from. *Fintiv, Inc. v. Apple Inc.,* 6:18-cv000372-ADA, 2019 U.S. Dist. LEXIS 171102, at *12 (W.D. Tex. Sept. 10, 2019) (Albright, J.)  (noting that though documents may be equally accessible from both districts, "under current Fifth Circuit precedent, the physical location of electronic documents does affect the outcome of this factor."); *Uniloc,* 2020 U.S. Dist. LEXIS, at *29 (W.D. Tex. June 19, 2020).  NCS Canada is responsible for engineering, research, and development activities for its parent company which results in highly relevant technical documents and physical evidence being located in Canada. *Id*.. Thus, relevant documents from this collection came from servers in Canada which weighs against transfer to Houston.

### ii.    The "compulsory process" factor weighs in favor of transfer.

"Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses." *Adaptix, Inc. v. HTC Corp*., 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013) (emphasis added). This power only exists over individuals who reside, are employed, or regularly transact business in person within 100 miles of the court. Fed. R. Civ. P. 45(c)(1)(A).

There is one potential non-party witness under the subpoena power of the Southern District of Texas. The sole inventor of the asserted patent who resides in the United States is Travis Harris. Mr. Harris resides in Houston but is not an employee of NCS. He is subject to the absolute subpoena power of the Houston division of SDTX.

To the extent NCS seeks information about the manufacture of the BreakThru™ Device, Nine shows that information could be sought through non-party OFS International, LLC ("OFS"), whose primary facility is located northeast of Houston. But, NCS responds that as a third-party manufacturer, OFS is an unlikely trial witness.

Because Mr. Harris is within the subpoena power of the Southern District of Texas, that results in a greater number of non-party witnesses the SDTX has over the WDTX. Thus, this factor weighs in favor of transfer.

### iii.    The "cost of attendance" factor is neutral.

The convenience of party witnesses is a core consideration under the section 1404 analysis. *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. May 22, 2009); 28 U.S.C. § 1404(a) ("For the convenience of parties"). Nine argues that Houston is more convenient because witnesses travelling internationally can take advantage of direct flights to Houston, Nine's senior employees outside of Houston regularly travel there for busines, and non-party witnesses would have to travel nearly 400 miles to attend trial in Waco. ECF No. 24 at 7-8.

In its response, NCS points out that its CEO resides in Austin and relevant Nine employees work out of Nine's Midland office. ECF No. 28 at 9-10. Nine concedes that Austin is closer to Waco than Houston but argues that it would be more convenient for their Midland employees to be brought to Houston to testify even though it's roughly 150 miles farther. ECF No. 30 at 4. Though there are witnesses near Houston, the parties list others in Ohio, Canada, and Norway.

Those witnesses, like the seniors that regularly travel for business from undisclosed locations, are travelling no matter where the trial takes place. Though the distance may be shorter from Ohio, Canada, and Norway to Waco, the convenience of an airport hub in Houston cannot be denied. Thus, this factor is neutral.

### iv.    The "all other practical problems" factor weighs against transfer.

"A parallel action in this District involving the same patent weighs heavily in the transfer analysis." *SynKloud Techs., LLC v. Dropbox, Inc*., 6:19-cv-00525-ADA, 2020 U.S. Dist. LEXIS 84958, at *10 (W.D. Tex. May 14, 2020) (Albright, J.). "Though this factor is not dispositive, judicial economy favors having the infringement of the same patent considered by one judge." *Id.* Between July 9, 2020 and August 13, 2020, NCS Canada filed five additional suits in this Court asserting the '445 Patent against eight companies. *See* Civil Action Nos. 6-20-cv-00622-ADA, 6-20-cv-00699-ADA, 6-20-cv-00700, 6-20-cv00700-ADA, 6-20-cv-00701-ADA, and 6-20-cv-00735-ADA. NCS alleges that like Nine, these companies are selling infringing tools in the WDTX, and inducing customers to infringe in the Permian Basin and Eagle Ford Shale Play. ECF No. 28 at 12. Further, since this motion, Nine has filed a complaint against NCS in this district in 2021. *See* Civil Action No. 6:21-CV-00209. Because of the pendency of the related cases in the district, this factor weighs against transfer.

### B.  The public *Volkswagen* factors are neutral.

### i.    The "administrative difficulties flowing from court congestion" factor weighs against transfer.

Court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *In re Genentech*, 566 F.3d at 1347 (applying Fifth Circuit law). But, in this case, the Court has made considerable progress in this case –

conducted numerous discovery hearings, a *Markman* hearing, and is less than a year out from the expected trial date. Further, as mentioned above, Nine has filed a case against NCS in this Court which shows that Waco is not inconvenient. Taking all of the administrative difficulties into consideration, this factor weighs against transfer.

### ii.      The "localized interest" factor weighs for transfer.

The Fifth Circuit has reasoned that this factor is tied to the burdens of jury service, and that the burdens of serving on a jury "'ought not to be imposed upon the people of a community which has no relation to the litigation.'" *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Both WDTX and SDTX assemble venire panels from individuals residing in the counties that compose a division. *See Final Order Re: Jurors in WDTX* at 1-2 (W.D. Tex. Mar. 21, 2017) (C.J. Garcia); *In re Amended Jury Plan*, Order 2013-06, at § 5 (S.D. Tex. Jul. 5, 2013). The local interests of the Houston division outweigh any interest of the Waco division. Therefore, the jurors in Houston have a clear and direct local interest in this case, weighing this factor in favor of transfer.

### IV. Conclusion

The following table summarizes the Court's conclusions for each factor:

| Factor | Against Transfer | For Transfer |
|---|---|---|
| Relative ease of access to sources of proof | X | |
| Compulsory process | | X |
| Cost of attendance | Neutral | Neutral |
| All other practical problems | X | |
| Localized interest | X | |
| Administrative difficulties flowing from court congestion | | X |
| Familiarity of the forum with law that will govern case | N/A | N/A |

| | | |
|---|---|---|
| Problems associated with conflict of law | N/A | N/A |

As such, finding that the balance of factors weighs against transfer, the Court finds that Defendant's Motion to Transfer the case pursuant to 28 U.S.C. § 1404(a) should be and hereby is **DENIED**.

**SIGNED** this 30th day of March, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE