IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NCS MULTISTAGE INC., § <br> NCS MULTISTAGE, LLC, § <br> § <br> Plaintiffs, § <br> vs. § <br> § <br> NINE ENERGY SERVICE, INC., § <br> § <br> Defendant. § | CIVIL ACTION NO. 6:20-cv-00277-ADA |

**PLAINTIFFS' OPPOSED MOTION TO STRIKE CERTAIN EXPERT OPINIONS AND EVIDENCE OF DEFENDANT NINE ENERGY SERVICE INC.**

Plaintiffs NCS Multistage Inc. and NCS Multistage, LLC (collectively, "NCS") file this motion to strike because of Defendant Nine Energy Service, Inc.'s ("Nine") eleventh hour disclosure of a new invalidity position. There is no justification for Nine's late disclosure because that position is based on information Nine could have obtained from its employee since this case was first filed. Nine's failure to investigate and disclose this invalidity position earlier is inexcusable.

Since it served preliminary invalidity contentions, Nine has been alleging U.S. Patent No. 10,465,445 ("the Asserted Patent") is invalid over an alleged prior sale or public use of TCO AS's ("TCO") TDP-PO plug.  **REDACTED**  **REDACTED**  Nine waited until less than four weeks before fact discovery closed to serve a subpoena on TCO, a foreign third-party, for documents on the plug. In response, TCO produced documents at Bates numbers TCO1063–TCO1197 ("the TCO Documents") a mere two days before fact discovery closed. Without seeking leave of Court, Nine included the TCO Documents in its expert report and advanced an invalidity theory not in its invalidity contentions. NCS has been prejudiced because

**PUBLIC VERSION**

it has not been afforded due time to assess Nine's new theory, consider the TCO Documents, and take necessary discovery. Thus, NCS respectfully requests the Court strike the TCO Documents and Nine's expert opinions that rely on those documents.

### I.   FACTS

Viggo Brandsdal is the CEO of Nine's Norway branch.  **REDACTED**
**REDACTED** *See, e.g.*, Ex. 1 (Brandsal 30(b)(6) Depo Tr.) at 15:8–17:22, 29:10–13, 63:15–18.

On September 11, 2020, Nine served its preliminary invalidity contentions and disclosed the TDP-PO plug as prior art based on an alleged prior sale and use. *See, e.g.*, Ex. 2 (Nine's Preliminary Invalidity Contentions & Ex. A) at 9. Discovery opened on January 21, 2021. Dkt. 25 at 2. Nine served its final invalidity contentions on March 18, 2021 and again identified the TDP-PO plug as prior art. *See, e.g.*, Ex. 3 (Nine's Final Invalidity Contentions) at 11–12, 15–16. As required to support that contention, Nine identified: two drawings; one of TCO's PGR petitions; Mr. Brandsdal's testimony; and an amended claim chart from *NCS Multistage Inc. v. TCO AS*, 6:20-cv-00622 (W.D. Tex.) ("*NCS v TCO*"). *Id.* Nine also vaguely referenced "[a]dditional documents acquired from TCO." *Id.* It did not, however, produce any additional documents from TCO or serve a subpoena on TCO. Nor did Nine explain how it was relying on and connecting these "additional documents" to prove any alleged sales or uses.

On March 26, 2021, NCS filed a motion to strike Nine's invalidity contentions for failing to provide sufficient notice as to its invalidity theories. Dkt. 69. The Court ordered Nine to amend its contentions by May 10, 2021. Dkt. 75.

On April 27 and 28, 2021, NCS took the deposition of Mr. Brandsdal, personally and as a corporate representative.  **REDACTED**

**PUBLIC VERSION**

**REDACTED**

REDACTED Ex. 1 (Brandsal 30(b)(6) Depo. Tr.) at 12:5–13:7, 80:15–81:19. **REDACTED**

REDACTED

On May 10, 2021, Nine served its amended invalidity contentions. Ex. 4 (Nine's Amended Invalidity Contentions). In its amended contentions, Nine again identified the TDP-PO plug as prior art and identified the same evidence from its final invalidity contentions, including the same vague reference to "[a]dditional documents acquired from TCO," as supporting its contention. *Id*. at 6–25, 27–28. Nine's amended contentions did not disclose that **REDACTED**. See *id*. at 1–31.

On May 14, 2021, over eight months after it served its preliminary invalidity contentions and first identified **REDACTED** TDP-PO as prior art, Nine served a third party subpoena on TCO seeking "[d]ocuments sufficient to show TCO's efforts to sell or offer for sale any TDP-PO Plugs for use in casing flotation to Maersk Qatar or any other entity prior to the Priority Date." Ex. 5 (TCO Subpoena) at 10. NCS objected and notified Nine that if it intended to rely on that "new invalidity theor[y]" it had to first seek leave of Court. Ex. 6 (LLagostera Email to Nine's Counsel) at 1. On June 8, 2021, two days before fact discovery closed, TCO produced the TCO Documents in response to the subpoena. Ex. 7 (TCO Production Email) at 1.[1]

Nine served its invalidity expert report on June 17, 2021 and relied on the TCO Documents. Ex. 8 (Nine's Expert Report) at 118, 153. Specifically, in Paragraphs 325 and 326, its expert, D. Nathan Meehan, opines that **REDACTED**

---

[1] NCS did not attach the TCO Documents to this motion because it did not want to overburden the Court. However, NCS will provide copies of the TCO Documents if the Court wants to look at them.

**PUBLIC VERSION**

**REDACTED** based on the TCO

Documents. *Id.* at 118.

## II. ARGUMENT

### A. Legal Standard

Under this Court's Order Governing Proceedings ("Order"), Nine was required to serve invalidity contentions identifying all asserted bases for invalidity and produce all prior art referenced in its invalidity contentions. Dkt. 20 at 6–7. This Court has stated "[t]he purpose of invalidity contentions is to provide *notice* while discovery is intended to develop details so that legal theories become more concrete as the litigation progresses.'" *Pisony v. Commando Constrs., Inc.*, No. 6:17-cv-00055-ADA, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020) (Albright, J.) (alteration in original) (emphasis added) (quoting *Realtime Data, LLC v. T-Mobile, U.S.A., Inc.*, No. 6:10CV493, 2013 WL 12149180, at *3 (E.D. Tex. Feb. 8, 2013) (internal quotation marks omitted). Such notice "focuses discovery and narrows issues for claim construction, summary judgment, and trial." *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010).

This Court has further held that "expert invalidity reports may not introduce new theories nor [sic] previously set forth in the invalidity contentions." *Id.* (citing *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014)). When deciding whether to strike untimely expert testimony, the Court should consider the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* at *2 (quoting *Certain Underwriters at Lloyd's v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020) (internal quotation marks omitted)). As explained below, these factors weigh in

**PUBLIC VERSION**

favor of striking the TCO Documents and all expert opinions supported by those documents.

### B. The Court Should Strike Dr. Meehan's Opinions Based on an Invalidity Theory and Documents Not Disclosed in Nine's Invalidity Contentions

**Explanation for the Failure to Disclose.** REDACTED

REDACTED Ex. 1 (Brandsal 30(b)(6) Depo Tr.) at 29:10–13, 63:15–18.  When Nine asserted the TDP-PO plug as prior art eight months ago, it was incumbent on Nine to thoroughly investigate the alleged prior sales or uses of that plug.  There is no excuse for Nine's failure to do so REDACTED .  Instead, Nine waited until four weeks before discovery closed to take discovery on that issue.  Nine should have been diligent over a year ago and REDACTED

REDACTED , timely disclosed that information, and then taken the discovery it needed from TCO to support its invalidity theory.

In a meet and confer on this motion, Nine's counsel gave two excuses for its late discovery efforts and late disclosure: (1) that TCO refused to produce the TCO Documents because it did not want to be subject to the Court's jurisdiction in the co-pending action, *NCS v TCO*; and (2)  Nine believes it adequately disclosed the TCO Documents in its invalidity contentions because it identified "[a]dditional documents acquired from TCO." Ex. 4 (Nine's Amended Invalidity Contentions) at 6–25, 27–28.  The first excuse could have been solved with a timely subpoena or assistance from the Court.  The second excuse is ridiculous as that is not in the realm of sufficient notice.

**Importance of the Testimony.**  Nine waiting until the end of fact discovery to ask TCO for the TCO Documents undermines any argument that the TCO Documents and the expert opinions supported by them are vital to Nine's case.

**PUBLIC VERSION**

**Potential Prejudice.** NCS was not given fair notice of the TCO Documents and Nine's invalidity theory. NCS' ability to respond is "severely curtailed" because expert rebuttal reports are due in less than three weeks. Dkt. 25 at 3; *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. CIV.A. 9:06-CV-151, 2009 WL 5842062, at *3 (E.D. Tex. Mar. 30, 2009) (striking expert testimony based on undisclosed invalidity contentions because, *inter alia*, the plaintiffs' ability to respond was "severely curtailed" since rebuttal expert reports were due in a month). Between now and then, NCS does not have time to take discovery on Nine's new theory and the TCO Documents.

**Continuance Would Harm NCS.** Fact discovery is closed (Dkt. 25 at 3), and at this stage of the case any adjustment of the trial schedule would require moving the October 18, 2021 trial date. That would reward Nine for its inexcusably late disclosure and prolong NCS's effort to obtain a timely resolution of its infringement claim.

Thus, based upon the foregoing, NCS respectfully asks the Court to strike the TCO Documents and all opinions from Nine's expert that rely on those documents in ¶¶325-326.

Dated: June 28, 2021

Respectfully submitted,

BLANK ROME LLP

*/s/ Domingo M. LLagostera*
**Domingo M. LLagostera**
(*Attorney-in-charge*)
State Bar No. 24070157
Tel.: (713) 632-8682
Fax: (713) 228-6605
DLLagostera@BlankRome.com
**Russell T. Wong**
State Bar No. 21884235
RWong@blankrome.com
Tel.: (713) 632-8634
Fax: (713) 228-6605

6

**PUBLIC VERSION**

**Andrew K. Fletcher** *(admitted pro hac vice)*
PA State ID. 75544
AFletcher@blankrome.com
Tel.: (412) 932-2736
501 Grant Street, Suite 850
Pittsburgh, PA 15219

**Megan R. Wood** *(admitted pro hac vice)*
DC Bar No. 1024203
MWood@blankrome.com
Tel.: (202) 420-2753
1825 Eye Street NW
Washington, DC 20006

**ATTORNEYS FOR PLAINTIFFS**
**NCS MULTISTAGE INC. AND**
**NCS MULTISTAGE, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were electronically served with a copy of the foregoing on June 28, 2021, via the Court's CM/ECF system.

                                                     */s/ Domingo M. LLagostera*
                                                    Domingo M. LLagostera

**PUBLIC VERSION**