# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| NCS MULTISTAGE INC., | § | |
| NCS MULTISTAGE, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. 6:20-cv-00277-ADA |
| | § | |
| NINE ENERGY SERVICE, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR BILL OF COSTS**

## **TABLE OF CONTENTS**

**Page**

A.   Legal Standard ............................................................................................................... 1
B.   Section 1920(1) – "Fees of the Clerk and Marshal." ..................................................... 2
C.   Section 1920(2) – "Fees for printed or electronic recorded transcripts necessarily obtained for use in this case." ........................................................................................ 2
    1.   Transcripts of Court Proceedings ....................................................................... 2
    2.   Transcripts and Videos of Depositions .............................................................. 3
D.   Section 1920(3) – "Fees and disbursements for printing and witnesses." ..................... 6
E.   Section 1920(4) – "Fees for exemplification and the costs of making any materials where the copies are necessarily obtained for use in the case." ............................................... 8
    1.   Graphics and Trial Equipment ............................................................................ 8
    2.   Document Reproduction ................................................................................... 11
F.   Conclusion ................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
   No. 11-CV-01846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) ................................10

*Fogleman v. ARAMCO*,
   920 F.2d 278 (5th Cir. 1991) ................................................................................................3

*MV3 Partners LLC v. Roku, Inc.*,
   No. 6:18-CV-00308-ADA, 2022 WL 1913619 (W.D. Tex. June 3, 2022)
   (Albright, J.) ................................................................................................................ *passim*

*Nilesh Enters., Inc. v. Laws. Title Ins. Corp.*,
   No. SA-08-CV-661-XR, 2010 WL 2671728 (W.D. Tex. July 1, 2010) ..................................3

*Stearns Airport Equip. Co., Inc. v. FMC Corp.*,
   170 F.3d 518 (5th Cir. 1999) ..................................................................................................3

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   No. 2:07-CV-497-TJW-CE, 2011 WL 4591893 (E.D. Tex. Sept. 30, 2011) .........................3

*Two-Way Media, LLC v. AT&T Servs., Inc.*,
   No. SA–09–CA–00476–OLG, 2013 WL 12090356 (W.D. Tex. Nov. 22,
   2013) ......................................................................................................................................8

**Statutes**

28 U.S.C. §1821 ..............................................................................................................................6

28 U.S.C. §1821(b) .....................................................................................................................6, 7

28 U.S.C. §1821(c) ......................................................................................................................6, 7

28 U.S.C. §1821(d) .....................................................................................................................6, 8

28 U.S.C. §1920 ..........................................................................................................................1, 2

28 U.S.C. § 1920(2) ........................................................................................................................3

28 U.S.C. § 1920(4) ........................................................................................................................8

**Other Authorities**

FED. R. CIV. P. 54(d)(1) ..................................................................................................................1

Local Rule CV-54(a) ................................................................................................................. 1

On January 21, 2022, after a four-day trial on the merits, a jury returned a unanimous verdict in favor of Plaintiffs NCS Multistage Inc. and NCS Multistage, LLC (collectively, "NCS") on all issues. Dkt. 251. It found Defendant Nine Energy Service, Inc. ("Nine") directly and indirectly infringes U.S. Patent No. 10,465,445 ("the '445 Patent"). *Id.* at 2–3. The infringing products are Nine's BreakThru devices, Versions 1 and 2. *Id.* The jury also rejected all of Nine's invalidity theories when it found the '445 Patent not invalid. *Id.* at 4. The jury awarded NCS $486,400.00 to compensate NCS for Nine's past infringement. *Id.* at 5. Consistent with the jury's verdict, the Court entered Judgment on June 3, 2022. Dkt. 263.

NCS is the prevailing party in this action and therefore entitled to recover its costs. *See* 28 U.S.C. §1920, FED. R. CIV. P. 54(d)(1); Local Rule CV-54(a). As detailed below, it requests an award of $174,805.01 in costs. NCS's costs are enumerated in its Bill of Costs (Dkt. No. 266), which is also attached as Exhibit 1.

A.   **Legal Standard**

The Federal Rules of Civil Procedure state, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Under this rule, there is a strong presumption 'that the prevailing party will be awarded costs.'" *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-CV-00308-ADA, 2022 WL 1913619, at *1 (W.D. Tex. June 3, 2022) (Albright, J.) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). "The Fifth Circuit has held that this presumption intended to create prima facie entitlement to payment of costs and that the burden of overcoming this presumption shifts to the losing party." *Id.* (citing *Schwarz*, 767 F.2d at 131). The Court must articulate a good reason for denying or reducing a prevailing party's request for cost. *Id.*

A prevailing party is permitted to recover the following categories of costs under 28 U.S.C. §1920:

1. Fees of the Clerk and Marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

B.   **Section 1920(1) – "Fees of the Clerk and Marshal."**

Pursuant to Section 1920(1), NCS seeks to recover its $400 filing fee for filing the Complaint because it is a fee of the Clerk. A true and correct copy of NCS's invoice for that fee is attached as Exhibit 2. Personal identifiable information has been redacted. NCS is only seeking to recover the cost highlighted in yellow.

C.   **Section 1920(2) – "Fees for printed or electronic recorded transcripts necessarily obtained for use in this case."**

NCS seeks to recover $46,231.06 in costs for printed and electronically recorded trial and deposition transcripts, and a deposition video. Section 1920(2) permits NCS, as the prevailing party, to recover these costs.

1.   Transcripts of Court Proceedings

With respect to trial, NCS seeks taxation of costs of $20,000.00 for obtaining daily trial transcripts. A true and correct copy of NCS's invoice for daily trial transcripts is attached as Exhibit 3. NCS's counsel used the daily trial transcripts during trial, including to (i) assist NCS in the ongoing preparation and presentation of its case, (ii) provide a record of the testimony of each witness, and (iii) provide a record of the Court's rulings on evidence admissibility,

demonstrative admissibility, jury instructions, and other matters. The Court's orders were often recorded only in the daily transcript, and those orders influenced NCS's trial strategy and required a review of the record. Thus, the transcripts were necessarily obtained for use in the case. NCS should be awarded $20,000 for their costs for obtaining daily trial transcripts. *See MV3 Partners*, 2022 WL 1913619, at *3 (awarding prevailing party costs related to transcripts of court proceedings).

    2.    <u>Transcripts and Videos of Depositions</u>

Costs related to depositions are permitted under §1920(2) if the depositions "were necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). The Fifth Circuit "[has] consistently held that a deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.* Further, Section 1920(2) also permits taxing costs for video recordings of depositions. *Nilesh Enters., Inc. v. Laws. Title Ins. Corp.*, No. SA-08-CV-661-XR, 2010 WL 2671728, at *3 (W.D. Tex. July 1, 2010) ("Videotape deposition costs and deposition transcripts are both recoverable costs."); *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2011 WL 4591893, at *2 (E.D. Tex. Sept. 30, 2011) (explaining that the 2008 amendment to §1920 permits recovery of both deposition transcripts and electronic video recordings necessarily obtained for use in the case).

Here, NCS seeks taxation of costs of $24,956.06 for the deposition transcripts of the parties' fact and expert witnesses. An itemization of NCS's taxable deposition transcript costs and supporting invoices are contained in Exhibit 4. Personal identifiable information has been

3

redacted.  NCS is only seeking to recover the costs highlighted in yellow in the supporting invoices.

Specifically, NCS took six depositions and defended five depositions in this case.  The deponents are identified below in the table.

| Deponent | Reasons Why Transcripts Were Necessarily Obtained for Use in This Case |
|---|---|
| Viggo Brandsdal – deposed twice: once as a 30(b)(6) witness for Nine and once in his individual capacity | One of Nine's 30(b)(6) witnesses and testified live at trial |
| Clair Holley | Chief Technology Officer of Nine and 30(b)(6) witness; testified twice live at trial |
| Nicholas Pottmeyer | President of US Completions for Nine and responsible for the infringing BreakThru devices; testified by video deposition at trial |
| Dr. Nathan Meehan – deposed twice; once related to his claim construction declaration and once related to invalidity and non-infringement expert reports | Nine's technical expert; submitted expert declaration and reports; testified live at trial |
| Robert Nipper | Chief Executive Officer of NCS and 30(b)(6) witness; testified live at trial |
| Douglas Braden | Inventor of the patent-in-suit and former employee of NCS; testified at trial via Zoom |
| Alan Ratliff | NCS's damages expert; submitted expert reports; testified live at trial |
| Dr. John Rodgers – deposed twice; once related to his claim construction declaration and once related to infringement and rebuttal invalidity expert reports | NCS's technical expert; submitted expert declaration and reports; testified live at trial |

The deposition transcripts of the above-identified deponents were necessarily obtained for use in the case, including for the preparation of expert reports, drafting of summary judgment and *Daubert* motions, and preparation for trial.  NCS also impeached Mr. Brandsdal with his deposition testimony during trial.  Dkt. 257 (Trial Transcript, Vol. 2) at 516:13–518:6.  Further, all of the witnesses deposed in this case were (1) identified on either NCS's or Nine's trial witness list (*see* Dkt. 199 (NCS's trial witness list); Dkt. 199-1 (Nine's trial witness list) and (2)

4

appeared at trial either live, via Zoom, or by video deposition.  NCS's counsel had to review these deposition transcripts to be prepared for trial.

NCS is not seeking incidental costs associated with the depositions except for the expedited transcript delivery costs for the first deposition of Dr. Rodgers on November 9, 2020, the first deposition of Dr. Meehan on November 10, 2020, and the second deposition of Dr. Meehan on September 2, 2021.  Those costs total $3,128.63 (and are included in the $24,956.06 requested above for the deposition transcripts).  Ex. 4 at 2, 3, 12.  During the 2020 depositions, both experts were deposed on their respective claim construction declarations.  Dkt. 41-1 (Rodgers Decl.); Dkt. 42-1 (Meehan Decl.).  The depositions occurred about 10 days after the declarations were filed with the Court and about 10 days before NCS was required to file its response to Nine's opening claim construction brief on November 20, 2020.  Dkt. 45 (NCS response brief).  NCS had to expedite delivery of these transcripts because it relied on and attached excerpts from them to its response brief.  *See, e.g.*, Dkt. 45-2 (Excerpts of Meehan's Depo Tr.); Dkt. 45-3 (Excerpts of Rodgers' Depo. Tr.).  NCS deposed Dr. Meehan on his Amended Invalidity Report on September 2, 2021.  NCS had to expedite delivery of this transcript because Dr. Rodgers had to issue his Rebuttal Expert Report to Dr. Meehan just a week later.  Dr. Rodgers rebutted Dr. Meehan's opinions by, *inter alia*, reviewing Dr. Meehan's deposition transcript and citing Dr. Meehan's deposition transcript and exhibits over 25 times in his report.  *See, e.g.*, Dkt. 115-4 (Rodgers Rebuttal Report) at 52 n.130, 53 n.132, 61 n.141, and 62 n.143.

NCS also seeks taxation of costs of $1,275.00 for the video deposition of Mr. Pottmeyer.  NCS's invoice for this video is attached as Exhibit 5.  Personal identifiable information has been

5

redacted. Mr. Pottmeyer testified by video deposition at trial. NCS should therefore be entitled to recover its costs for his video deposition. *See MV3 Partners*, 2022 WL 1913619, at *4.

In sum, NCS should be awarded a total of $26,231.06 in costs related to deposition transcripts and videos. *See MV3 Partners*, 2022 WL 1913619, at *3–4 (awarding prevailing party costs related to deposition transcripts and deposition videos played at trial).

D.     **Section 1920(3) – "Fees and disbursements for printing and witnesses."**

The statutory costs associated with witness attendance at trial are set forth by 28 U.S.C. §1821. In particular, the total fees requested for witness attendance are $40 per each day of attendance at a deposition or trial, pursuant to 28 U.S.C. §1821(b). The total fees for travel are calculated based on actual expenses of travel, pursuant to 28 U.S.C. §1821(c). Section 1821 sets no limit on the distance from which a witness may be brought, allowing reimbursement for any "distance necessarily traveled to and from such witness's residence." The total fees requested for lodging and meals and incidentals (i.e., subsistence) are calculated based on the per diem rates provided by the Administrator of General Services (https://www.gsa.gov/travel/plan-book/per-diem-rates) for the relevant time period and location, as required by 28 U.S.C. §1821(d). As set forth below, NCS seeks to recover $4,260.63 in witness fees.

**Witness Attendance Fees (28 U.S.C. §1821(b))**

| Witness (Residence) | Date | Event | Days of Attendance | Attendance Fee* |
|---|---|---|---|---|
| Robert Nipper (Burnet, TX) | 5/18/2021 | Deposition | 1 | $40 |
|  | 1/18/2022 | Trial | 1 | $40 |
| Marty Stromquist (Calgary, Canada) | 1/18/2022 | Trial | 1 | $40 |
| Douglas Braden (Ontario, Canada) | 1/10/2022 | Deposition | 1 | $40 |
|  | 1/18/2022 | Trial | 1 | $40 |
| Dr. John Rodgers (Hartford, CT) | 11/9/2020 | Deposition | 1 | $40 |
|  | 9/21/2021 | Deposition | 1 | $40 |
|  | 01/18/2022 to 01/21/2022 | Trial | 4 | $160 |
| Alan Ratliff (Houston, TX) | 9/22/2021 | Deposition | 1 | $40 |
|  | 01/18/2022 to 01/19/2022 | Trial | 2 | $80 |
|  |  |  | **Requested Total** | **$560** |

*Attendance Fee calculated by multiplying days of attendance by $40, pursuant to §1821(b).

**Witness Travel Costs (28 U.S.C. §1821(c))**

| Witness (Residence) | Event | Method of Travel | Cost* |
|---|---|---|---|
| Marty Stromquist (Calgary, Canada) | Trial | Airplane and Car | $1394.45 |
| Dr. John Rodgers (Hartford, CT) | Trial | Airplane and Car | $725.18 |
|  |  | **Requested Total** | **$2,119.63** |

*The travel costs are the actual travel expenses on the basis of the means of transportation reasonably utilized. True and correct copies of travel receipts for Mr. Stromquist and Dr. Rodgers are attached as Exhibit 6. Personal identifiable information has been redacted. NCS seeks only to recover the cost highlighted in yellow.

| Witness Subsistence Costs (28 U.S.C. §1821(d)) ||||||
|---|---|---|---|---|---|
| Witness | Days of Attendance at Trial | Travel Dates Related to Attendance | Lodging Costs* | Meals & Incidentals** | Subsistence Total |
| Robert Nipper | 1 | 01/17/2022 to 1/18/2022 (2 days, 1 night) | $107 | $128 | $235 |
| Marty Stromquist | 1 | 01/17/2022 to 01/19/2022 (3 days, 2 nights) | $214 | $192 | $406 |
| Dr. John Rodgers | 4 | 01/17/2022 to 01/21/2022 (5 days, 4 nights) | $428 | $320 | $748 |
| Alan Ratliff | 2 | 01/17/2022 to 01/19/2022 (3 days, 2 nights) | X | $192 | $192 |
| | | | | Requested Total | $1,581 |

*Lodging costs calculated pursuant to the allowance proscribed by the Administrator of General Services: https://www.gsa.gov/travel/plan-book/per-diem-rates.  In January 2022, the rate for lodging was $107 per night in Waco, Texas.  *See* Ex. 7 (True and correct printout from GSA website showing per diem costs for Waco, Texas in FY2022) at 1.
**Meals and Incidentals calculated pursuant to the allowance proscribed by the Administrator of General Services: https://www.gsa.gov/travel/plan-book/per-diem-rates.  In January 2022, the rate for meals and incidentals was $64 per day in Waco, Texas.  *See* Ex. 7 at 1–2.

E.   **Section 1920(4) – "Fees for exemplification and the costs of making any materials where the copies are necessarily obtained for use in the case."**

NCS seeks to recover its costs for printing, copying, and making of documents for trial and the *Markman* hearings, along with NCS's trial technician and courtroom equipment costs, necessarily obtained for use in this case.  28 U.S.C. § 1920(4).  NCS seeks to recover $123,913.32 for these costs, as detailed below.

1. Graphics and Trial Equipment

"[C]ourts have considered that in highly technical cases, [such as patent cases], trial technology is not only reasonable but necessary."  *Two-Way Media, LLC v. AT&T Servs., Inc.*, No. SA–09–CA–00476–OLG, 2013 WL 12090356, at *5 (W.D. Tex. Nov. 22, 2013).  The use of technology at trial "may be taxed as a cost as long as it is anticipated, useful, and a necessary tool to assist in the efficient presentation of cases."  *Id.* (citing *Versata Software, Inc. v. SAP Am., Inc.*, No. 2:07–CV–153 CE, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011)).  "[E]xpenses

8

for the production of various types of non-testimonial evidence – such as photographs, maps, charts, graphs and other demonstrative aids – are taxable as costs provided that the prevailing party obtained court approval before incurring the expense." *MV3 Partners*, 2022 WL 1913619, at *4 (quoting *Two-Way Media*, 2013 WL 12090356, at *5 (internal quotation marks omitted). Notably, these costs do not need to be explicitly authorized by the court; an invitation or request by the court to submit tutorials or demonstratives, such as those used during the *Markman* hearing and during trial, "is tantamount to pretrial approval." *Id.* (quoting *Two-Way Media*, 2013 WL 12090356, at *5 (internal quotation marks omitted)).

Here, the parties litigated for almost two years a complex and highly contested patent infringement suit that was tried before a jury in January 2022. NCS necessarily incurred $116,784.51 in costs related to the preparation of NCS's technology tutorial and *Markman* hearing presentation, the preparation of NCS's trial exhibits, animations/graphics, and demonstrative exhibits, and for NCS's trial technician and courtroom equipment. True and correct copies of NCS's invoice for these costs are attached as Exhibit 8.

In connection with the *Markman* hearing, the Court invited the parties to submit tutorials in electronic form by deadline for submission of the of the Joint Claim Construction Statement. Both parties accepted the Court's invitation and submitted technology tutorials. NCS also used demonstratives at the hearing. NCS seeks to recover $27,554.05 for the costs of its graphics vendor (FTI) for the *Markman* hearing. Ex. 8 at 1–3. FTI prepared NCS's technology tutorial and *Markman* demonstratives. Because these costs are reasonable, NCS should be entitled to recover them. *Id.* at *4 (explaining "graphics associated with *Markman* hearings should be reasonable") (citing *Innovation Scis., LLC v. Amazon.com, Inc.*, No. 4:18-CV-474, 2021 WL 2075676, at *4 (E.D. Tex. May 24, 2021) (allowing costs of $50,262.11 for *Markman* graphics)).

In connection with trial, NCS seeks to recover $32,945.00 for animations played during trial (Ex. 8 at 4–7), $37,119.20 for three sample BreakThru devices used and admitted as exhibits at trial (*id.* at 8–10), and $19,166.26 for NCS's trial technician and the equipment used during trial in the courtroom (*id.* at 11–12).

NCS's technical expert, Dr. John Rodgers, included several animations in his demonstrative exhibits that explained in detail the technology at issue in this case. Dr. Rodgers also used three samples of the BreakThru devices at trial to explain the functionality and operation of the products and demonstrate in detail exactly how these products infringe the asserted patent claims. He had a machine shop cut two of the three samples in half, so the jury could see the inner workings of the infringing BreakThru devices. The use of these animations and sample BreakThru devices assisted the jury in considering the infringement and invalidity issues and allowed NCS to present their case in a streamlined, orderly, and efficient manner. Indeed, the jury asked to have the infringing devices with them during deliberations. NCS should therefore be entitled to recover these costs. *See, e.g.*, *id.* (allowing the prevailing party to recover costs of its graphics used at trial); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *9 (N.D. Cal. Sept. 19, 2014) (allowing the plaintiff to recover costs for samples of the defendant's products that the plaintiff used at trial under Section 1920(4)).

Further, NCS presented its case in an efficient and effective manner to the jury because of its trial technician. NCS's trial technician was present and active throughout the entire trial and devoted dozens of hours outside of Court to helping NCS prepare its case. For example, NCS's trial technician finalized the trial animations, prepared demonstrative exhibits, worked with the Court's IT team to set up the Zoom examination of Mr. Braden, and ran NCS's audio-visual courtroom equipment.

In sum, NCS should be awarded a total of $116,784.51 in costs related to graphics and trial equipment. Because NCS's trial graphics and equipment costs are reasonable and were necessary, NCS should be entitled to recover them. *See MV3 Partners*, 2022 WL 1913619, at *4 (awarding $133,998.89 in graphics and trial equipment costs, which is higher than the amount sought here by NCS).

  2. <u>Document Reproduction</u>

NCS seeks to recover $7,128.81 in its document reproduction costs that necessarily resulted from the litigation. An itemization of NCS's total document reproduction costs and supporting invoices are contained in Exhibit 9. Personal identifiable information has been redacted. As this Court has recognized, there is a "generally accepted rule in the Western District that a prevailing party should be entitled to 50% of its document reproduction costs throughout the entire case." *Id.* at *5 (citing *Ushijima v. Samsung Elecs. Co.*, No. A-12-CV-318-LY, 2015 WL 11251558, at *12 (W.D. Tex. July 30, 2015)). Because these costs total $14,257.61, application of the 50% general rule indicates that NCS is entitled to recover $7,128.81 in document reproduction costs.

**F.**  **Conclusion**

  For the foregoing reasons, NCS as the prevailing party, requests an award of costs totaling $174,805.01.

Dated: June 17, 2022            Respectfully submitted,

                     BLANK ROME LLP

                     */s/ Domingo M. LLagostera*
                     **Domingo M. LLagostera**
                     (*Attorney-in-charge*)

        State Bar No. 24070157
        Tel.: (713) 632-8682
        Fax: (713) 228-6605
        DLLagostera@BlankRome.com
        **Russell T. Wong**
        State Bar No. 21884235
        RWong@blankrome.com
        Tel.: (713) 632-8634
        Fax: (713) 228-6605
        717 Texas Ave, Suite 1400
        Houston, Texas 77002

        **Andrew K. Fletcher** *(admitted pro hac vice)*
        PA State ID. 75544
        AFletcher@blankrome.com
        Tel.: (412) 932-2736
        501 Grant Street, Suite 850
        Pittsburgh, PA 15219

        **Megan R. Wood** *(admitted pro hac vice)*
        DC Bar No. 1024203
        MWood@blankrome.com
        Tel.: (202) 420-2753
        1825 Eye Street NW
        Washington, DC 20006

        **ATTORNEYS FOR PLAINTIFFS**
        **NCS MULTISTAGE INC. AND**
        **NCS MULTISTAGE, LLC**

## CERTIFICATE OF SERVICE

 The undersigned certifies that all counsel of record were electronically served with a copy of the foregoing on June 17, 2022 via the Court's ECF system.

        */s/ Domingo M. LLagostera*
        Domingo M. LLagostera

12