IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NCS MULTISTAGE INC., NCS MULTISTAGE LLC <br><br> Plaintiffs, <br><br> v. <br><br> NINE ENERGY SERVICE, INC. <br><br> Defendant. | Civil Action No. 6:20-cv-00277-ADA <br><br> **JURY TRIAL DEMANDED** |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF SUPPLEMENTAL DAMAGES, PREJUDGMENT INTEREST, AND POST-JUDGMENT INTEREST**

Before the Court is Plaintiffs NCS Multistage Inc's. and NCS Multistage, LLC's (collectively, "NCS") Motion for an Award of Supplemental Damages, Prejudgment Interest, and Post-Judgment Interest (the "Motion") ECF No. 269. The Court held a post-trial motions hearing on December 1, 2022, at which the Court granted the Motion. ECF No. 295. This Memorandum Opinion and Order is intended to reflect the ruling at the hearing. For the reasons stated below, the Court **GRANTS** the Motion.

I.   BACKGROUND

On April 8, 2020, NCS filed its Complaint against Nine Energy Service, Inc. ("Nine"), alleging Nine infringes U.S. Patent No. 10,465,445 ("the '445 Patent") by making and selling its BreakThru Casing Flotation Devices ("the BreakThru Devices"). See ECF No. 1. NCS requested compensatory damages under 35 U.S.C. § 284, including prejudgment and post-judgment interest.

1

**PUBLIC VERSION**

ECF No. 1 at 7–8. The Court held a jury trial in this action from January 18 to January 21, 2021. The jury returned a unanimous verdict in favor of NCS on all issues. ECF No. 251. It found that Nine directly and indirectly infringes the '445 Patent, and that the '445 Patent is not invalid. *Id*. at 2–4. The jury awarded NCS $486,400.00 to compensate NCS for Nine's past infringement. *Id*. at 5. On June 3, 2022, the Court issued its Final Judgment, finding Nine directly and indirectly infringed the asserted claims, and that NCS should be awarded the jury's damages verdict of $486,400.00. ECF No. 263

## II. DISCUSSION

In its Motion, NCS asks the Court to award supplemental damages, prejudgment interest, and post-judgment interest on the jury's damages award.

### A. Supplemental Damages

Under 35 U.S.C. §284, upon a finding of infringement, a prevailing "patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10CV248, 2011 WL 4899922, at *2, *4 (E.D. Va. Oct. 14, 2011) (citing *TiVo, Inc. v. Echostar Commc'ns Corp.*, 2006 U.S. Dist. LEXIS at *6 (E.D. Tex. Aug. 17, 2006)). "[S]upplemental damages are compensatory in nature" and "calculated in accordance with the damages awarded in the jury verdict." *Id*. at *2 (citations omitted). The Court has "discretion to award damages for periods of infringement not considered by the jury." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 38 (Fed. Cir. 2012).

NCS argues that it is entitled to supplemental damages from December 1, 2021, through the date of the verdict on January 21, 2022, because Nine disclosed its sales of BreakThru devices

2

**PUBLIC VERSION**

only from November 5, 2019, to November 30, 2021, so the jury's verdict did not include NCS's damages during that time period. ECF No. 269 at 2. It also argues that it is entitled to supplemental damages for the period between the verdict and the Court's Final Judgment, from January 21, 2022, to June 3, 2022. *Id.* While Nine does not dispute that NCS is entitled to some amount of supplemental damages, it contends that NCS's supplemental damages calculation seeks additional compensation for sales made by Nine before trial, even though Nine asserts that estimates for those sales were considered by the jury. ECF No. 279 at 3. Nine also challenges NCS's proposed royalty rate. *Id*.

NCS asserts that even though the jury did not explicitly decide a royalty rate to use to calculate the supplemental damages, simple math reveals the royalty rate. *Id.* at 3. At trial, Nine's expert testified that Nine sold 608 BreakThru products between November 5, 2019 and November 30, 2021. ECF No. 258 at 726:23–727:8. The jury awarded NCS $486,400.00. ECF No. 251 at 6. Dividing that amount by the units sold (608) results in a per unit royalty rate of exactly $800/unit: $486,400/608 units = $800.00 per unit. Therefore, the jury decided NCS was owed $800.00 per unit to arrive at its total damages award. ECF No. 269 at 3–4. While NCS acknowledges that its expert projected Nine sold 40 units from December 1, 2021 to January 21, 2022, "there is no reason to believe the jury included these projected units into its calculation." ECF No. 269 at 4. n.2.

NCS argues that this rate is supported by the evidence for multiple reasons. *Id*. The $800 royalty rate, NCS asserts, falls within both experts' range, as Nine's expert testified that a reasonable per unity royalty approximated $300 to $400 per unit, ECF No. 258 at 704:10–13, and NCS's expert testified that a reasonable per unit royalty rate was $1,000 per unit. ECF No. 257 at 354:3-6. Further, even though NCS's expert projected Nine sold 40 units from December 1, 2021,

3

**PUBLIC VERSION**

to January 21, 2022, NCS argues the evidence suggested that the jury did not include these projected units in its calculation, because the actual units sold (608) divides evenly into the jury's damages award, while the actual sales plus projected sales does not. ECF No. 269 at 4 n.2[1]. Moreover, the jury sent a note to the Court during deliberations asking if it could "get assistance with locating the total BreakThru tool sales for Nine Energy from November 5th, 2019," thus evidencing that it did not consider the projected sales. ECF No. 259 at 946:19–22. Finally, NCS argues that the jury's decision to award damages based on actual units sold tracks the Court's post-evidence jury instructions. ECF No. 288 at 3 (citing ECF No. 246 at 10–11 (arguing that the Court's instructed the jury to award damages to compensate NCS for the infringement which was defined as acts that had already occurred)). Thus, NCS argues that it is entitled to supplemental damages equal to $800.00 per Breakthru Device sold between December 1, 2021, and June 3, 2022. ECF No. 269 at 3–4.

Nine alternately argues that NCS's proposed supplemental damages calculated seeks additional compensation for sales made by Nine before trial but estimates for those sales were presented to and already considered by the jury. ECF No. 279 at 2. It contends that because NCS presented evidence and sought royalties for 648 units (actual sales and projected sales through trial), simple math reveals that the jury awarded $750.62 per unit. *Id.* At 2–3. Thus, it argues that NCS's proposed royalty rate of $800 per unit is improper. In support of its argument, Nine cites to

---

[1] The exact math based on Nine's proposal that the jury's award of $486,400.00 should be divided by Nine's actual sales of 608 units plus the projected sales of 40 units (648 units) results in slightly fewer than 62 cents at $750.6172839506173. ECF No. 288 at 2.

4

**PUBLIC VERSION**

caselaw that it contends shows that courts may not supplement damages for amounts that were presented at trial. *Id.* at 5.[2]

Yet the cases cited to in support of Nine's argument evidence only that the Court should not award supplemental damages for amounts covered by the jury verdict. Indeed, while the Court agrees that it should not award additional damages for amounts already covered by the verdict, the Court has discretion to determine that the 40 projected sales were not covered by the verdict. *See Whitserve, LLC*, 694 F.3d at 38; *ActiveVideo Networks, Inc.*, 2011 WL 4899922, at *2, *4 (citing *TiVo, Inc.*, 2006 U.S. Dist. LEXIS 64291, at *6. Here, the Court agrees with NCS that the evidence supports that the jury did not include Nine's projected units in its damages calculation. Thus, because the jury awarded NCS $486,400 based on Nine's actual units sold (608), NCS is entitled to an $800 per unit royalty rate. Because the 40 projected sales were not covered by the verdict, NCS is also entitled to supplemental damages for Nine's actual sales between December 1, 2021, and January 21, 2022.

Nine admits it sold ▇ infringing BreakThru Devices between December 1, 2021, and January 21, 2022. ECF No. 279-1 ¶ 7. Thus, based on the $800.00 per unit royalty rate, NCS is entitled to supplemental damages of ▇ for Nine's infringing sales during that time period. Nine also admits it sold ▇ units of the accused products between January 22, 2022, through June

---

[2] *Citing, e.g.*, *Oscar Mayer Foods Corp. v. Conagra, Inc.*, 869 F. Supp. 656, 668 (W.D. Wis. 1994), aff'd, 45 F.3d 443 (Fed. Cir. 1994) (refusing supplemental damages because "awarding additional amounts for damages incurred before trial would be an improper invasion of the jury's province to determine actual damages and an inappropriate use of 35 U.S.C. § 284 to enhance inadequate compensatory damages."); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2011 WL 8810604, at *3 (E.D. Tex. Aug. 2, 2011) (granting post-verdict supplemental damages but no pre-verdict supplemental damages); *TransPerfect Glob., Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2014 WL 6068384, at *4 (N.D. Cal. Nov. 13, 2014); *Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, No. 08-CV-335-IEG NLS, 2010 WL 3070370, at *2 (S.D. Cal. Aug. 5, 2010), aff'd in part, vacated in part on other grounds, 702 F.3d 1351 (Fed. Cir. 2012).

**PUBLIC VERSION**

3, 2022. ECF No. 278 at 3, 7. NCS, therefore, should be awarded ▇▇▇ in supplemental damages for Nine's infringing sales between those dates. In total, the Court finds that NCS should be awarded ▇▇▇ in supplemental damages for Nine's infringing sales between December 1, 2021, and June 3, 2022, at an $800.00 per unit royalty rate.

### B. Prejudgment Interest

A prevailing plaintiff in a patent infringement action is entitled to compensation that is "in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Therefore "complete compensation" for the defendant's infringement includes prejudgment interest awarded from the date of infringement to the date of judgment. *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983); *Nickson Indus., Inc. v. Rol Mfg. Co*., 847 F.2d 795, 800 (Fed. Cir. 1988). As this Court has recognized, "[t]he purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty rather than infringe." *VLSI Tech. LLC v. Intel Corp*., No. 6:21-CV-57-ADA, 2022 WL 1477728, at *1 (W.D. Tex. May 10, 2022) (Albright, J.) (quoting *SSL Servs., LLC v. Citrix Sys., Inc*., 769 F.3d 1073, 1094 (Fed. Cir. 2014) (internal quotation marks omitted)). "Accordingly, prejudgment interest on a damages award "is the rule, not the exception." *Id*. (quoting *Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1358 (Fed. Cir. 2012) (internal quotation marks omitted)).

The parties do not dispute that NCS is entitled to prejudgment interest under 35 U.S.C. § 284. ECF No. 279 at 7. Indeed, Nine concedes that NCS's interest rate compounded quarterly, as presented by NCS's damages expert, is reasonable. *Id.* Nine contends only that NCS's interest calculation is based improperly on the $800 per unity royalty and did not consider the estimated

**PUBLIC VERSION**

sales presented to the jury. *Id.* But because the Court already determined that the jury did not award damages based on Nine's projected sales and that NCS is entitled to an $800 per unity royalty rate, the Court finds this argument unpersuasive.

Thus, the Court finds that NCS is entitled to prejudgment interest for the period between November 5, 2019, and June 3, 2022, on all damages it is awarded for Nine's pre-verdict infringement. Thus, using average quarterly prime rates that ranged from 3.25% to 4% during the prejudgment interest period, applied to the royalty damages as they accursed, compounded quarterly, NCS is entitled to $26,596 in prejudgment interest. ECF No. 288-1 ¶ 7.

### C. Post-Judgment Interest

Pursuant to 28 U.S.C. §1961, post-judgment "[i]interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. §1961(a). The interest is calculated at the Federal statutory rate of the weekly average 1-year constant maturity Treasury yield, computed daily and compounded annually. *Id.*, §1961(a)-(b); *VLSI*, 2022 WL 1477728, at *4 (holding prevailing patentee "is entitled to an award of post-judgment interest at the federal statutory rate"). Post-judgment interest on a money judgment begins to accrue "from the date of the Court's final judgment until the date of payment." *VLSI*, 2022 WL 1477728, at *4.

NCS argues that it is entitled to post-judgment interest by statute because it is the prevailing party and was awarded a money judgment, and Nine does not dispute this. ECF No. 269 at 7; ECF No. 279 at 8. The Court agrees. NCS is entitled to post-judgment interest on the entire judgment amount, calculated at the Federal statutory rate under 28 U.S.C. §1961(a). The amount awarded for post-judgment interest shall be determined after Nine provides its accounting and satisfies the judgment in its entirety.

7

**PUBLIC VERSION**

## III. CONCLUSION

**IT IS ORDERED** that NCS is awarded ▓▓▓▓ in supplemental damages for Nine's infringing sales between December 1, 2021, and June 3, 2022, at an $800 per unit royalty rate. **IT IS FURTHER ORDERED** that NCS is awarded $26,596 in prejudgment interest. **IT IS FURTHER ORDERED** that NCS is awarded post-judgment interest on the entire judgment amount, including the supplemental damages award, prejudgment interest, and costs, to be determined after Nine provides its accounting and satisfies the judgment in its entirety.

SIGNED this 9th day of January, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**PUBLIC VERSION**